IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD A. PARKS,

    Plaintiff,

    vs.                                                          CASE NO. C1-00-494

WARREN CORRECTIONAL                           JUDGE BECKWITH
INSTITUTION, *et al.*,

                                              MAGISTRATE JUDGE HOGAN

    Defendants.

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION FOR JUDGMENT AS A MATTER OF LAW OR IN THE ALTERNATIVE MOTION FOR NEW TRIAL**

Federal Rule of Civil Procedure 50(A)(1) states that judgment as a matter of law is appropriate only where a party has been fully heard on an issue and there's no legally sufficient evidentiary basis for a reasonable to find for that party on that issue. Fed. R. Civ. Pro. 50(A)(1). In other words, this court may overturn the jury's verdict if there is a complete absence of pleading or proof on an issue material to the cause of action or when no disputed issue of fact exists such that reasonable minds would not differ. Alternatively, a new trial should be granted only if the jury has reached a seriously erroneous result where the verdict is against the manifest weight of the evidence. *Holmes v. City of Massillon,* 78F.3d 1041 (6th Cir. 1996). In this case, judgment of the matter of law or a new trial is appropriate as there was no legally sufficient basis for a reasonable jury to find that Plaintiff Parks had proven his allegations of discrimination by a preponderance of the evidence.

Parks argues that he has presented direct evidence of discrimination, i.e. the "black radical" comment allegedly made by non-decision maker Pat Mayer. Parks then goes on to

quote this Court's language in its decision on Summary Judgment. However, the language quoted by Parks on page 3 of his response is language contained in this Court's ruling on the Defendant's Motion for Summary Judgment. The motion at hand involves a Motion for Judgment as a Matter of Law under Rule 50 rather than a Motion for Summary Judgment under Rule 56. While the standards under Rule 50 and Rule 56 may be similar, they are not the same. The questions raised by a Motion for Judgment as a Matter of Law or a Request for a New Trial under Rule 59 is whether the jury's verdict was supported by legally sufficient evidence. *Reeves v. Sanderson Plumbing Products Inc.,* 530 U.S. 133 (2000). In considering a Motion for Summary Judgment a court addresses the limited, preliminary question of whether the Plaintiff has produced sufficient evidence to create a genuine issue of material fact for the jury. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). Accordingly, the language quoted by Parks is not relevant to this Court's decision regarding Brigano's Motion for Judgment as a Matter of Law or in the alternative for a new trial.

Parks alleges in his response that the jury reasonably could have concluded that the "black radical" comment allegedly made by Pat Mayer reflected the views of management including Warden Brigano and that therefore Parks' race was a factor in the decision to fire him. These inferences stacked upon each other do not constitute a legally sufficient basis for the jury's verdict. First of all, this alleged comment which Pat Mayer denied making, was never attributed by either Parks or his witness to Warden Brigano who in fact made the decision to terminate Parks. Statements by non-decision makers cannot suffice to satisfy Parks' burden of demonstrating racial animus. *Bush v. Dictaphone Corp.,* 161 F.3d 363, 369 (6th Cir. 1998) (Quoting *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277 (1989)) Further, statements of intermediate level management officials are not indicative of discrimination when the ultimate

2

decision to discharge is made by an upper level official. *Wilson v. Stroh Cos., Inc.,* 952 F.2d 942, 945-46 (6th Cir. 1992). Finally any racial animus of a manager cannot be imputed to an upper level manager who made the decision to terminate absent proof of a connection. *Talley v. Bravo Pitino Restaurant Ltd.,* 61 F.3d 1241, 1249 (6th Cir. 1995). In the evidence he presented to the jury Parks failed to connect the alleged comment made by Labor Relations Officer Pat Mayer to the decision maker Warden Brigano. Parks himself testified that Mayer never defined the term management nor did Mayer allege Brigano, himself believed Parks to be a black radical. Further, Parks' only witness Doug Hunter could not even remember what the actual comment was including who it was that allegedly viewed Parks as a black radical, when the comment was made or what was said. Neither Parks or Hunter attributed the comment or veracity of the comment to Warden Brigano. Nor did either Parks or Hunter testify that Warden Brigano either knew about the comment, acquiesced to the comment or agreed with the comment. Thus, the requisite connection to hold the one Defendant-Brigano liable was missing.

  Finally, this alleged comment was made several years before Parks termination. This comment is too tenuously related to any alleged discriminatory action taken by Warden Brigano several years later and cannot to create an inference of discrimination. It constitutes a stray remark, made by a non-decision maker and is not relevant to this case. See *Ercegovich v. Goodyear Tire and Rubber Co.,* 154 F.3d 344, 354 (6th Cir. 1998). Accordingly, this comment, if made, did not establish direct evidence it merely added an emotional element as a basis for the jury to make its verdict and thus was not legally sufficient to support the jury's verdict.

  Parks next argues that he established circumstantial evidence of discrimination i.e. that he demonstrated that similarly situated white officers were treated differently. Parks then names Brad Boy and Michele Noble as the similarly situated corrections officers. However, Parks

mischaracterizes the standard in establishing similarly situated. The standard in the 6th Circuit to establish similarly situated is that the Plaintiff must show that the comparables are substantially similar in *all respects*. To be deemed similarly situated the individuals with whom the Plaintiff seeks to compare his or her treatment must have "dealt with the same supervisor, have been subjected to the standards, and engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employers treatment of them for it." *Gray v. Toshiba America Consumer Products Inc.,* 263 F.3d 595 (6th Circuit 2001) (Quoting *Mitchell v. Toledo Hospital* 964 F.2d 577, 583 (6th Cir. 1992)). This same standard has also been used by this circuit in *Smith v. Legget Wire Company* 220 F.3d 752 (6th Cir. 2000) wherein the 6th Circuit stated that similarly situated evidence consists of evidence that other employees, particularly employees not in the protected class, were not fired even though they engaged in substantially identical conduct to that which the employer contends motivated its discharge of the Plaintiff. Even though as Parks points out exact correlation is not required, the Plaintiff and employee with whom the Plaintiff seeks to compare himself or herself must be similar in all relevant aspects.

As evidence of disparate treatment Parks attempted to compare himself to correction officer Brad Boy and correction officer Michele Noble who never engaged in the same conduct as Parks. These comparisons are inapposite however because Parks has failed to show that he had the same supervisors as either Boy or Noble and it is undisputed that Parks engaged in different conduct and committed different rule infractions than Boy and Noble. *See Ercegovich* 154 F.3d at 352; *Mitchell,* 964 F.2 at 583[1].

Parks, Boy, and Noble were not similarly situated as a matter of law. Noble and Boy committed different rule infractions than Parks did or in other words did not engage in the same

---

[1] In fact, Parks presented no evidence that he ever had the same supervisors as either Noble or Boy.

4

conduct as Parks. Warden Brigano testified that he terminated Parks because of repeated violations of Rule 12 of the Standards of Employee Conduct of the Ohio Department of Rehabilitation and Correction. Warden Brigano further testified that because of the last incident involving Parks and CO Monogoudis that had occurred in the institution in front of 20-30 unsecured inmates he was concerned about the security of the institution and that the institution had "lost control". This constitutes a mitigating circumstance that prevents any comparison of Parks' conduct with either Boy's or Nobles' significantly less threatening conduct as determined by Warden Brigano.

Warden Brigano testified that in reviewing the conduct that Michele Noble he found it to be nothing more than horseplay between Ms. Noble and an inmate and only one incident. Further in reviewing the conduct of officer Boy Warden Brigano found that he never engaged in a physically menacing tirade with another corrections officer in the institution in the presence of a number of inmates who began to make catcalls during the confrontation. In sum, neither Michele Noble or Brad Boy threatened the security of the institution by leaving their posts to confront another correction officer, engage in a verbal screaming profane tirade against that correction officer while that correction officer was backing up with his hands in the air in front of 20 to 30 unsecured inmates in the day room area. In this case, it is inappropriate for either the jury or the court to substitute its judgment for that of management. See *Krenik v. County of Le Sueur* 47 F.3d 953, 968 (6th Cir. 1995). In short, Parks failed to show that he was treated differently than similarly situated, non-minority employees. The reason being no other correction officer had engaged in the type of conduct as Parks. No reasonable jury could have found otherwise and as such the jury's verdict was against the manifest weight of the evidence

Parks states that the parties agreed to redact Plaintiff's documentary evidence relating to the comparables. However, during the conference regarding the admittance of the exhibits Warden Brigano asked that the documentary evidence regarding both Ms. Noble and Mr. Boy be stricken from Plaintiff's exhibits. The court declined to strike the exhibits in toto and found instead that they could be admitted after being redacted. Even so, no reasonable jury after hearing the testimony and reviewing the documentary evidence and actually following the instructions the given to it by the Court could have found that Parks has sustained his burden. Further, there was insufficient evidence that Warden Brigano's proffered reason for firing Parks was pretextual. Given the complete absence of proof on the material issue of racial animus in this case this court should grant Defendant Brigano's Motion for Judgment as a Matter of Law or in the alternative order a new trial.

**CONCLUSION**

During the trial to this Court Parks failed to either demonstrate through direct evidence or indirect evidence a case of race discrimination against the only Defendant Warden Brigano. Parks alleged direct evidence of discrimination the comment was never linked to the decision maker Warden Brigano and is insufficient to satisfy his burden. Further, Parks alleged circumstantial evidence of discrimination i.e. his comparison of himself to correction officers Michele Noble and Brad Boy was also insufficient to establish his burden as Parks failed to prove that Noble or Boy were similarly situated to himself or that either Noble or Boy engaged in same or similar conduct. As such Warden Brigano would request this court to grant Judgment as a Matter of Law or in the alternative grant a new trial as there was no legally sufficient basis for the verdict of the jury.

Respectfully submitted,

JIM PETRO
Attorney General

*s/Anne E. Thomson*
ANNE E. THOMSON (0059301)
Assistant Attorney General

s/Robert L. Griffin
ROBERT L. GRIFFIN (0032885)
Assistant Attorney General
Employment Law Section
140 E. Town Street, 14th Floor
Columbus, Ohio  43215-6001
(614) 644-7257 phone
(614) 752-4677 fax

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Defendant's Motion for Judgment as a Matter of Law or in the Alternative Motion for New Trial was served upon Marc D. Mezibov and Michael N. Budelsky, SIRKIN, PINALES, MEZIBOV & SCHWARTZ, 920 Fourth & Race Tower, 105 West Fourth Street, Cincinnati, Ohio 45202-2776, by ordinary U. S. mail, postage prepaid, this 5th day of September, 2003.

*s/Anne E. Thomson*
ANNE E. THOMSON (0059301)
Assistant Attorney General