IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard A. Parks,            )
                             )
            Plaintiff,       )    Case No. C-1-00-494
                             )
    vs.                      )
                             )
Anthony Brigano,             )
                             )
            Defendant.       )


Memorandum and Order


On August 6, 2003, the jury in the trial of the above-
captioned matter returned a verdict in Plaintiff's favor on his
claim of race discrimination in violation of 42 U.S.C. §§ 1981
and 1983.  The jury awarded Plaintiff $98,891.00 in compensatory
damages, an amount to which the parties had stipulated as
Plaintiff's lost wages.  The jury declined to award punitive
damages.  This matter is before the Court upon Defendant's motion
for judgment as a matter of law, pursuant to Rule 50(b) of the
Federal Rules of Civil Procedure, or, in the alternative, for a
new trial, pursuant to Rule 59.

    A.   The Rule 50(b) Motion


        In support of his motion for judgment as a matter of
law, Defendant contends that Plaintiff failed to adduce direct
evidence of discrimination and that the indirect evidence
Plaintiff presented at trial in order to establish a prima facie

case of discrimination was insufficient, as a matter of law, to

permit a reasonable juror to find intentional discrimination.

The Court agrees with both propositions and, nevertheless,

concludes that it may not grant Defendant's motion for judgment

as a matter of law.

This Court denied a motion for summary judgment by

Defendant Brigano with respect to his claim under §§ 1981 and

1983 based upon a five-day suspension in January 1999 and the

termination of his employment later that same year.  In so

ruling, the Court identified evidence, which it characterized as

direct evidence, of discrimination by Defendant Brigano.  The

Court identified and analyzed that evidence as follows:

> That evidence consists of Plaintiff's deposition
> testimony and the affidavit of Doug Hunter, both
> as they relate to comments by W[arren]
> C[orrectional] I[nstitution] labor relations
> officer Pat Mayer at a predisciplinary hearing.
> Both Plaintiff and Hunter were participants in
> that hearing, along with Mayer.  While Mayer
> denies, strenuously, making any such comments,
> Plaintiff and Doug Hunter agree that Mr. Mayer
> suggested that the "management" or
> "administration" of WCI viewed Plaintiff as a
> "black radical" or "radical Black."  Hunter states
> that Pat Mayer told Plaintiff that any
> disciplinary action against him would be viewed
> from that perspective.
>
> * * *
>
> While Pat Mayer's alleged statement to Plaintiff
> and Doug Hunter is the only race-related remark of
> which Plaintiff has introduced evidence and is,
> therefore, isolated, it is not ambiguous in any
> sense.  Mr. Mayer suggested that the management or

administration of WCI, which would have included
Defendant Brigano, would view all disciplinary
actions against Plaintiff from their perspective
that he was a black radical or radical Black.
Various inferences may be drawn from that
evidence.  One such inference is that WCI's
management did not like radical employees of any
kind.  Should the finder of fact draw that
inference, it might not conclude that Defendants[1]
were motivated by Plaintiff's race in their
disciplinary decisions.  A second permissible
inference is that WCI's management did not like
Plaintiff's cause.  A finder of fact drawing that
inference might well conclude that Defendants'
actions were motivated by Plaintiff's race.  In
short, the statement is not so ambiguous that it
would not permit an inference that Defendants
acted out of racially discriminatory animus.  The
finder of fact should consider Defendants'
explanations for the statements, including Pat
Mayer's disavowal of the statements, and determine
what weight, if any, they are to be afforded as
evidence of race discrimination.  The statements
are not too abstract, as a matter of law, to be
considered by the finder of fact.

Having identified direct evidence of race
discrimination, Plaintiff need not establish a
prima facie case under the McDonnell Douglas-
Burdine model.

Memorandum and Order (August 24, 2001), pp. 13, 24-25.

Had the Court considered Plaintiff's efforts to
establish a prima facie case of discrimination at the summary
judgment stage, it would have been compelled to conclude that
Plaintiff had failed to do so.  Plaintiff's theory was that
Defendant Brigano had disciplined him more harshly than similarly
situated Caucasian employees.  In order to establish a prima

---

[1]At that time, Warren Correctional Institution and Anthony Brigano were both
defendants in this action.

<u>facie</u> case of disparate treatment, a plaintiff must, *inter alia*, identify similarly situated employees who are not members of the plaintiff's protected class whom the employer treated more favorably in the terms and conditions of employment.  <u>See</u> <u>Mitchell v. Toledo Hospital</u>, 964 F.2d 577, 583 (6th Cir. 1992). When the issue is whether employees have been subjected to disparate treatment with respect to discipline, the plaintiff must identify employees who have committed the same infractions or infractions that are similar in all material respects.  <u>See</u> <u>Gray v. Toshiba America Consumer Products, Inc.</u>, 263 F.3d 595, 601 (6th Cir. 2001); <u>Smith v. Leggett Wire Co.</u>, 220 F.3d 752, 762-63 (6th Cir. 2000).  Plaintiff did not do so at the summary judgment stage in this action.

        Plaintiff identified two Caucasian employees, Brad Boy and Michelle Noble, who engaged in misconduct on numerous occasions and were subjected to discipline without ever being discharged for disciplinary reasons.  Plaintiff contended that the misconduct of Mr. Boy and Ms. Noble was equally egregious as or more egregious than his misconduct.  He may be correct in that respect, but he could not, at the summary judgment stage, demonstrate that his misconduct was similar in all material respects to that of Mr. Boy and/or Ms. Noble.  Accordingly, his only hope of establishing a <u>prima</u> <u>facie</u> case of disparate treatment would have been that the Court or a finder of fact

4

would substitute its own judgment for that of Defendant Brigano
and conclude that Mr. Boy and/or Ms. Noble should have been
subjected to the same discipline as that which was imposed upon
Plaintiff for different misconduct.  The Court and the jury are
both prohibited from doing so.  See Gray, 263 F.3d at 600; Smith,
220 F.3d at 763.

The Court did not consider whether Plaintiff could
establish a prima facie case of disparate treatment at the
summary judgment stage.  It concluded that doing so was
unnecessary in light of its conclusion that Plaintiff had
identified direct evidence of race discrimination.  The
conclusion that Plaintiff had identified direct evidence of
discrimination was in error, however.

Direct evidence of discrimination "is that evidence
which, if believed, requires the conclusion that unlawful
discrimination was at least a motivating factor in the employer's
actions."  Jacklyn v. Schering-Plough Healthcare Products Sales
Corp., 176 F.3d 921, 926 (6th Cir. 1999).  "[D]irect evidence of
discrimination does not require a factfinder to draw any
inferences in order to conclude that the challenged employment
action was motivated at least in part by prejudice against
members of the protected group."  Johnson v. Kroger Co., 319 F.3d
858, 865 (6th Cir. 2003).  See also Lautermilch v. Findlay City
Schools, 314 F.3d 271, 275-76 (6th Cir. 2002).

As the Court's analysis at the summary judgment stage,
which was repeated when Defendant moved for judgment pursuant to
Rule 50(a) of the Federal Rules of Civil Procedure at the close
of Plaintiff's case, demonstrated, the evidence of Pat Mayer's
alleged statements to Plaintiff and Doug Hunter was not direct
evidence of discrimination.  Rather, in order to find intentional
discrimination on the basis of that evidence, a  finder of fact
would have been required to draw at least two inferences from the
evidence: first, that "management" or "administration" referred
to Defendant Brigano and, second, that Defendant Brigano acted on
the implied animus when he made the disciplinary decisions in
question.  Because inferences would have been required, the Court
erred, both at the summary judgment stage and at the Rule 50(a)
stage, when it concluded that Plaintiff had introduced direct
evidence of intentional discrimination.  The Court should have
granted Defendant Brigano's motion for summary judgment.

At the Rule 50(a) stage of the trial of this matter,
the Court not only repeated its error with respect to the direct
evidence issue, but it also erroneously stated that the jury
would be permitted to find, on the basis of the evidence
introduced by Plaintiff, that Brad Boy and Michelle Noble were
similarly situated employees.  The evidence unambiguously
demonstrated that Brad Boy and Michelle Noble engaged in
misconduct that was materially different from the misconduct for

which Plaintiff was disciplined.  By stating that a jury could
find that Plaintiff was similarly situated to Brad Boy and
Michelle Noble, the Court ignored the well-settled law in this
Circuit, which establishes that employees who are disciplined for
misconduct that is materially different are not similarly
situated.  See, e.g., Smith, 220 F.3d at 762-63.  In short, the
Court erred by failing to grant Defendant Brigano's motion for
judgment pursuant to Rule 50(a) at the conclusion of Plaintiff's
case-in-chief at trial.

     Now the Court is confronted with Defendant Brigano's
motion for judgment as a matter of law pursuant to Rule 50(b).
The Court, having more closely examined the applicable law,
recognizes that Plaintiff failed to adduce direct evidence of
intentional discrimination and that he failed to establish a
prima facie case of disparate treatment at trial.  The Court's
analysis under Rule 50(b) is not governed by that recognition,
however.

     In considering a motion pursuant to Rule 50(b) in an
employment discrimination case, a court "should not focus on the
elements of the prima facie case but should assess the ultimate
question of discrimination."  Kovacevich v. Kent State Univ., 224
F.3d 806, 821 (6th Cir. 2000).  The issue is whether the
Plaintiff proved that his discipline was intentionally
discriminatory.  See Gray, 263 F.3d at 599.  The Court may grant

a Rule 50(b) motion "only if in viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in favor of the moving party." Gray, 263 F.3d at 598. In reviewing the evidence, the Court must draw all reasonable inferences in favor of the non-moving party and make no credibility determinations. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000).

Applying that standard, the Court concludes that, though it erred by failing to grant judgment to Defendant Brigano at the summary judgment stage and again at the conclusion of Plaintiff's case-in-chief, it may not now grant him judgment. The Court should not have submitted this case to the jury. Having done so, however, the Court concludes that a jury could have concluded that Plaintiff and Doug Hunter were more credible than was Pat Mayer with respect to Mr. Mayer's statements regarding "management" and the "administration" and its view of Plaintiff. A jury could reasonably have inferred that "management" or "administration" referred to Defendant Brigano, inasmuch as the evidence presented at trial gave rise to a reasonable inference that Defendant Brigano was the final authority with respect to all important employee discipline decisions. The jury could reasonably have inferred that discipline decisions Defendant Brigano made with respect to

Plaintiff after the "black radical" or "radical Black" comment were affected by racial animosity.  In short, applying the standard enunciated by the Supreme Court and the Court of Appeals, the Court concludes that reasonable minds could have come to differing conclusions with regard to the issue of whether Plaintiff had adduced any evidence, albeit circumstantial, of intentional discrimination.  Judgment pursuant to Rule 50(b) is, therefore, precluded.

   B.   The Rule 59 Motion

      Rule 59 of the Federal Rules of Civil Procedure permits the Court to grant a new trial, upon a timely motion, "for any of the reasons for which new trials have heretofore been granted." "Generally, courts have interpreted this language to mean that a new trial is warranted when a jury has reached a 'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, *i.e.,* the proceedings being influenced by prejudice or bias." Holmes v. Massillon, 78 F.3d 1041, 1046 (6th Cir.)(quoting Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940)), cert. denied, 519 U.S. 935 (1996).  In this case, Defendant Brigano argues that the jury's verdict was against the weight of the evidence.  The Court agrees.

A verdict should not be set aside as against the weight of the evidence unless the verdict was unreasonable.  See Holmes, 78 F.3d at 1047 (citing, *inter alia*, J.C. Wyckoff & Assocs., Inc. v. Standard Fire Ins. Co., 936 F.2d 1474, 1487 (6th Cir. 1991)(holding motion for new trial should be denied if the verdict could reasonably have been reached)).  The Court is persuaded that the jury could not reasonably have found in Plaintiff's favor in light of the evidence, as described herein, and the Court's instructions of law.

In its instructions on the law, the Court defined direct evidence for the jury, elucidating the distinction between circumstantial evidence, which requires the drawing of inferences in order to prove a fact, and direct evidence.  Later, the Court advised the jury that Plaintiff could prove discrimination either through direct or indirect evidence.  The Court explained that direct evidence would prove discrimination without requiring that any inference be drawn.  As the Court has explained, a reasonable jury could not have found that Plaintiff had proved intentional discrimination by direct evidence in this case.

The Court then instructed the jury with respect to indirect evidence.  The Court advised the jury that it could find that Plaintiff had proved intentional discrimination through indirect evidence if it found, *inter alia*, that Plaintiff had proved that he was intentionally treated differently, and less

10

favorably, than similarly situated non-members of his protected
class.  The Court instructed the jury that it could not find that
Plaintiff was similarly situated to another employee if any
distinction between the two employees may explain the difference
in their treatment.  The Court has observed that Plaintiff was
not, as a matter of law, similarly situated to Brad Boy or
Michelle Noble.  The Court is equally convinced that a reasonable
jury could not have found that he was.

          The evidence presented by the parties at trial clearly
and unambiguously demonstrated that Plaintiff had committed
infractions of prison policy that were different in number and
kind from those committed by Brad Boy and Michelle Noble.
Defendant Brigano identified those differences as the basis for
the disparate treatment of the three employees in question.  A
reasonable jury could have found that the misconduct of the three
employees was equally egregious, but it could not have found the
absence of any distinction that may have explained the difference
in Defendant Brigano's treatment of those employees.  To do so, a
jury would have had to ignore the evidence and the Court's
instructions.  The jury in the trial of this matter apparently
did so.  Its verdict is against the weight of the evidence, and
Defendant Brigano is entitled to a new trial.

     C.  <u>Conclusion</u>

For the foregoing reasons, Defendant Brigano's motion for judgment as a matter of law pursuant to Rule 50(b) is hereby **DENIED**.  His motion for a new trial pursuant to Rule 59 is hereby **GRANTED**.  The Court **DIRECTS** the Clerk to schedule a final pretrial conference and trial in this matter for the earliest available dates.

**IT IS SO ORDERED.**

_____/s/_____
Sandra S. Beckwith
United States District Judge