# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **RICHARD A. PARKS,** | : | |
| | : | |
| **Plaintiff,** | : | **CASE NO. C1-00-494** |
| | : | |
| **vs.** | : | **JUDGE BECKWITH** |
| | : | |
| **WARREN CORRECTIONAL** | : | **MAGISTRATE JUDGE HOGAN** |
| **INSTITUTION, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF'S MOTION TO CERTIFY ISSUES FOR APPEAL PURSUANT TO 28 U.S.C. §1292(b)

Plaintiff, Richard Parks, moves the Court to certify the legal issues of the existence *vel non* of direct evidence of discrimination and circumstantial evidence of "similarly situated" comparators for interlocutory appellate review pursuant to 28 U.S.C. §1292(b). The grounds for this motion are set forth in the accompanying memorandum of law.

Respectfully submitted,

SIRKIN, PINALES, MEZIBOV & SCHWARTZ LLP

_____
/s/Marc D. Mezibov
MARC D. MEZIBOV (Ohio Bar # 0019316)
MICHAEL N. BUDELSKY (Ohio Bar # 0069573)
105 West Fourth Street, Suite 920
Cincinnati, Ohio 45202-2776
Telephone: (513) 721-4876
Telecopier: (513) 721-0876
Attorneys for Plaintiff Richard Parks

**MEMORANDUM OF LAW**

Pursuant to 28 U.S.C. §1292(b), a district court may certify an issue for interlocutory appellate review when it determines the following: (1) the order involves a controlling question of law; (2) a substantial ground for a difference of opinion exists regarding the correctness of the decision; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re City of Memphis,* 293 F.3rd. 345, 350 (6th Cir. 2002).

**1.    Controlling question of law**

Courts have held that a question of law is "controlling" and thus warrants certification for interlocutory appeal if reversal of the district court's order would terminate the action or if the legal question at issue has wide application. *See Genentech, Inc. v. Novo Nordisk A/S*, 907 F.Supp. 97 (S.D.N.Y. 1995).  In this case, an immediate appeal would terminate the action because the Sixth Circuit would either reinstate the jury verdict or it would affirm this Court's decision and the case would be dismissed without opportunity for another appeal.  Further, both of these issues have wide application in employment law and will affect the results in future litigation. *See Genentech*, 907 F.Supp 97.

The Court granted Defendant's motion for new trial on the basis that it had earlier ruled erroneously that statements by Pat Meyer constituted direct evidence of discrimination and that evidence of disciplinary actions taken against corrections officers Brad Boy and Michelle Noble constituted circumstantial or indirect evidence of discrimination to be considered by the jury.  The ruling granting a new trial therefore rests upon two controlling questions of law: First, whether a racially charged remark about Plaintiff by a management official constituted direct evidence of discrimination; and second, whether co-workers in this case, i.e. corrections officers working in the

same institution, responsible for performing the same duties, governed by the same rules and standards of conduct and subject to the identical disciplinary process ultimately controlled by the same decision maker, are "similarly situated" for purposes of establishing a *prima facie* case of discrimination. The Court has expressly noted that these are dispositive legal issues which should have been resolved in favor of Defendant at the summary judgment phase. (Order, p. 5-7). Thus, because of the dispositive nature and wide application of these legal issues, the Court's order necessarily involves "controlling" issues of law.

## 2. Substantial grounds for difference of opinion

The foregoing issues concerning direct evidence and "similarly situated" are areas of law about which there are substantial grounds for disagreement. Indeed, this Court's initial determination at summary judgment, evidentiary rulings before and at trial, and jury instructions on these very points reflect the Court's own ambivalence on these issues. Indeed, it was only upon further reflection following the jury verdict that the Court determined that the "black radical" comment could not constitute direct evidence of discrimination because it required the jury to draw various inferences. (Order, p. 5-6). *See Jacklyn v. Schering-Plough Healthcare Product Sales Corp.*, 176 F.3d 921 (6th Cir. 1999).

Plaintiff maintains that the comment constitutes direct evidence because it was an express statement by one member of the executive committee that management, which the evidence revealed was but a proxy for Warden Brigano, viewed Mr. Parks as a "black radical" and that any future employment decisions by management, i.e. Warden Brigano, regarding Mr. Parks would be considered from that perspective. No inferences are required to draw the conclusion that Mr. Park's subsequent termination was as a result of his status in the eyes of management as a "black radical."

*See Ross v. Douglas County, Nebraska,* 234 F.3d 391, 397 (8th Cir. 2000) (testimony that the warden of a correctional facility stated that a corrections officer could not have his job back because he was a "black radical," constituted direct evidence of racial discrimination). The so-called "inferences" cited by the Court are merely part of the analysis involved in determining whether Warden Brigano would have fired Mr. Parks notwithstanding his discriminatory animus. This separate portion of the analysis does not vitiate the uncontrovertible fact that the statement constitutes direct evidence. With direct evidence, the existence of unlawful discrimination is "patent." *Bartlik v. United States Department of Labor*, 73 F.3d 100, 103 fn. 5 (6th Cir. 1997), citing to *Talley v. Bravo Pitino Restaurant Ltd.*, 61 F.3d 1241, 1248 (6th Cir. 1995). Direct evidence merely requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's action. *See Laderach v. U-Haul of Northwestern Ohio*, 207 F.3d 825, 829 (6th Cir. 2000). On its face, the "black radical" comment compels the conclusion that Mr. Parks' race was at least a motivating factor in his termination.

The Court also ruled that Plaintiff could not make out the "similarly situated" prong of the McDonnell Douglas test. (Order, p. 3-5). However, the Court's analysis sets too high a standard for what constitutes "similarly situated." Moreover, the Court's analysis improperly infuses pretext analysis into the *prima facie* test. In this judicial circuit, for purposes of establishing a *prima facie* case a plaintiff is not required to demonstrate an exact correlation with the employee receiving more favorable treatment in order for the two to be considered similarly situated; rather, the plaintiff and the employee with whom plaintiff seeks to compare himself must be similar only in "relevant" aspects. *See Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998), citing to *Pierce v. Commonwealth Life Insurance Co.*, 40 F.3d 796, 802 (6th Cir. 1994). The record is

clear that Parks, Boy and Noble were similar in all "relevant aspects." *See Ercegovich*, 154 F.3d at 352. They held the same position at the same institution, were subject to the same policies and procedures, and were disciplined by the same individuals according to the same infractions grid. The attempted differentiation of Boy and Noble from Parks is at most and by all legal standards a proffered business justification which Plaintiff may later show is a pretext.

Thus, a comparison of differing disciplinary files of Boy, Noble and Parks is appropriately considered in the pretext phase of the case. A plaintiff may prove pretext by presenting evidence: 1) that the explanation has no basis in fact (the employer's reasons are factually false); 2) that the explanation are not the real reason (circumstantial evidence indicates that discrimination was the true reason); or 3) that the explanation is insufficient to explain the adverse action (others were not terminated even though they engaged in the same conduct). *See Manzer v. Diamond Shamrock Chemicals Co*., 29 F.3d 1078, 1084 (6th Cir. 1994). None of these methods of establishing pretext require Parks to prove that discipline was meted out for exactly the same alleged infraction. A jury could conclude that even if the violations committed by Parks, Boy and Noble were not identical, Defendant's explanation for the differing harshness of discipline was not reasonable and the explanation was merely a pretext to mask discrimination. The analysis does not rise and fall on whether Parks, Boy and Noble violated exactly the same subparts of the code of conduct. On both the issue of direct evidence and the issue of "similarly situated" there are substantial, recognized grounds for a difference of opinion.

**3.    Ultimate termination of the litigation**

Finally, an immediate appeal from the Court's order granting a new trial will materially advance the ultimate termination of this litigation. An immediate appeal will allow for a final

resolution of these two controlling legal issues. If the appellate court grants the appeal and rules that this evidence was properly presented to the jury, the jury's verdict will be reinstated and the case will be concluded. If the appellate court concludes that the district court erred by allowing the evidence summary judgment was appropriate and the case will be concluded. In fact, the new trial proposed by the Court will likely be a nonevent because the Court has already indicated that Parks has no similarly situated comparators or direct evidence of discrimination. Without being able to present evidence related to this, Mr. Parks essentially does not have a case to try.[1]

In light of the Court's opinion, a retrial in which the evidence in question is excluded will be but an unnecessary intermediate step toward an inevitable final appellate review of the same questions of law. Further, Defendant has been all but invited to again move for summary judgment; the Court's decision indicates in no uncertain terms that such a motion should have been and now would be granted. Another trial would be a senseless use of judicial resources.

**4.    Conclusion**

In these circumstances there is no question that all parties, the district court and the interest of judicial economy will be served by allowing the appellate court to rule now on the issues, thereby sparing the parties an additional trial and in all likelihood yet another appeal. For these reasons and in the interest of justice, Plaintiff requests that the Court grant his motion to certify the issues for immediate interlocutory review.

---

[1] It should be noted that the Court has already ruled that evidence of Mr. Parks' complaints to state senators of disparate treatment was not admissible to explain the context of the "black radical" comment.

Respectfully submitted,

SIRKIN, PINALES, MEZIBOV & SCHWARTZ LLP


_____/s/Marc D. Mezibov_____
MARC D. MEZIBOV (Ohio Bar # 0019316)
MICHAEL N. BUDELSKY (Ohio Bar # 0069573)
105 West Fourth Street, Suite 920
Cincinnati, Ohio 45202-2776
Telephone: (513) 721-4876
Telecopier: (513) 721-0876

Counsel for Plaintiff, Richard Parks


**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was served upon Robert L. Griffin and Anne

E. Thomson, Assistant Attorneys General, Employment Law Section, 150 East Gay Street, 22nd Floor,

Columbus, Ohio 43215-3167 by U.S. Mail, electronic mail, fax, hand delivery or postage prepaid,

on this _____ day of September, 2003.

_____/s/ Marc D. Mezibov_____
MARC D. MEZIBOV (Ohio Bar # 0019316)