IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD A. PARKS,

      Plaintiff,

      vs.                              CASE NO. C1-00-494

WARREN CORRECTIONAL          JUDGE BECKWITH
INSTITUTION, *et al.*,

                                     MAGISTRATE JUDGE HOGAN

      Defendants.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY ISSUES FOR APPEAL PURSUANT TO 28 U.S.C. §1292(b)**

**Introduction.**

Even though this Court's order is not a final appealable order, Parks moves this Court to certify the evidentiary issues of the existence of direct evidence of discrimination and circumstantial evidence of "similarly situated" comparators for interlocutory appellate review pursuant to 28 U.S.C. 1292(b). For the reasons set forth below Parks' motion should be denied.

    **A. This Court should not grant Plaintiff's Motion to Certify Pursuant to 28 U.S.C. § 1292(b) as the statute was only intended to be used sparingly and only in exceptional cases.**

Section 1292(b) of Title 28 of the United States Code provides for immediate appeal of interlocutory decisions of the district court under the following circumstances:

> [It provides for such appeal]…[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation… (alteration added).

Parks alleges that § 1292(b) allows him to take an immediate appeal of this Court's order granting Defendant Brigano's motion for a new trial under the auspices that the order involves a controlling question of law for which a substantial ground for difference of opinion exists regarding the correctness of the decision.  Finally, Parks also erroneously asserts that to allow this immediate appeal would advance the ultimate termination of the litigation.

The legislative history of § 1292(b), however belies Parks' assertions as it illustrates that Congress did not intend that this statute be applied in ordinary civil cases such as this.  In its report to the Judicial Conference of the United States, which sponsored the legislation, Congress stated the following:

> Your committee adopts with approval the view contained therein that appeals under this legislation should only be used in *exceptional cases* where an intermediate appeal may avoid protracted and expensive litigation and *is not to be used or granted in ordinary litigation wherein the issues raised can otherwise be properly disposed of*.[1]  House Report No. 1667, 85 Cong.2d Sess., pp. 1, 2. (emphasis added).

As the report demonstrates, Congress intended § 1292(b) to be used "only" in exceptional cases and did not intend the section to be used or granted in ordinary litigation wherein the issues raised can otherwise be properly disposed.  Along those lines, the United States Supreme Court has found that any appeal under this statute is necessarily a deviation from the ordinary policy of avoiding piecemeal appellate review of trial court decisions which do not terminate the litigation. See *United States v. Hollywood Motor Car Co.,* 458 U.S. 263, 265 (1982).

This Court's order granting Brigano's motion for a new trial does not qualify as an exceptional case as it is an ordinary civil action wherein the issues raised can be properly disposed of through trial.  In addition, far from avoiding protracted litigation, to grant Parks'

---

[1] Exceptional cases, according to Congress, are long-drawn-out cases such as anti-trust and conspiracy cases which have a need to dispose of vital questions that are raised in the trial without having to wait for

motion would only serve to add one more step to the appellate litigation process. Finally, a motion pursuant to 1292(b) should not be granted merely because a party disagrees with the ruling of the district judge. See *Max Daetwyler Corp. v. Meyer,* 575 F.Supp. 280, 282 (E.D.Pa.1983). Obviously, Parks disagrees with this Court's ruling, just as Brigano disagreed with the jury verdict. That alone is not enough for Parks to skip proper procedure and immediately advance to the appellate stage. For these reasons alone this Court should deny Plaintiff's Motion to Certify issues for appeal.

### B. This Court should not grant Parks' Motion to Certify As he fails to satisfy the necessary requisites contained in 28 U.S.C. § 1292(b).

Under § 1292(b), a court in its discretion may permit an appeal to be taken from an order certified for interlocutory appeal under the following circumstances: (1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re City of Memphis*, 293 F.3d. 345, 350 (6th Cir. 2002). In evaluating these factors, "the court must remember that…[a] motion should not be granted merely because a party disagrees with the ruling of the district court." *Max Daetwyler Corp. v. Meyer*, 575 F.Supp at 282.

#### 1. Parks Has Presented No Controlling Question of Law.

A question of law is controlling if its incorrect disposition would require reversal of the final judgment or materially affect the outcome of the case. *Genetech, Inc v. Novo Nordisk A/S*, 907 F.Supp. 97 (S.D.N.Y. 1995). A question of law can also be controlling if it substantially affects a large number of cases. A legal issue contemplated by 1292(b) generally does not include matters within the discretion of the trial court. *See White v. Nix,* 43 F.3d 374, 377 (8th

---

the taking of testimony and the conclusion of the trial before the questions can be finally determined. *See,*

Cir. 1994). In other words, an allegation of abuse of discretion on an evidentiary ruling does not create a legal issue under 1292(b). See *In re City of Memphis,* 293 F.3d 345 (6th Cir. 2002). The issues Parks is presenting for appeal, the direct evidence standard, and the similarly situated standard and whether he presented evidence of legal sufficiently at the first trial to meet these standards are evidentiary issues that are within the discretion of the trial court. They are not controlling issues of law. It appears that Parks is unhappy with how this Court will most likely rule on these evidentiary issues if he presents the same evidence at the second trial. If this is the case, then Parks' motion is not only meritless but also premature as it will be up to Parks to attempt to introduce direct and indirect evidence of legal sufficiency at trial in order to have this Court rule it admissible or produce legally insufficient evidence and have it ruled inadmissible. Be that as it may, it is not a proper ground for seeking immediate appeal of this Court's order granting Brigano's motion for a new trial--also an abuse of discretion standard. Regardless, this would only satisfy the first prong of the three prong 1292(b) test. Finally, this Court's order will only affect the parties involved in this litigation and have no affect on other cases yet another reason to deny Parks' motion.

### 2. Parks has presented no evidence that a substantial difference of opinion exists regarding a controlling question of law

In order for a substantial ground for difference of opinion to exist, conflicting legal authority must exist to persuade a court that a substantial doubt about the law exists. *Shipping Corp. of India, Ltd. v. American Bureau of Shipping*, 752 F.Supp. 173, 175 (S.D.N.Y. 1990). Parks contends that "the foregoing issues concerning direct evidence and 'similarly situated' are areas of law about which there are substantial grounds for disagreement." Pl. Mot. to Certify, p. 3. Parks believes this to be so because according to him, "this Court's initial determination at

---

House Report No. 1667, 85 Cong.2d Sess., pp. 1, 2.

summary judgment, evidentiary rulings before and at trial, and jury instructions on these very points reflect the Court's own ambivalence on these issues." *Id.*

Parks has done nothing to show that the issues he wishes to certify for appeal, the standard for similarly situated and what constitutes direct evidence of discrimination, are in a state of legal flux, or that conflicting legal authority exists to persuade this Court that there is substantial doubt about the law regarding these issues. Parks contention that this Court is ambivalent about the standards misses the mark. When determining whether this second prong has been met, the question is whether a substantial doubt about the law exists, not whether a court has improperly applied the facts or the evidence presented to the existing law, which this Court admitted had occured.[2] Mem. and Order, pp. 6-1. The law is clear regarding what parties need to prove to establish a prima facie case of employment discrimination through direct evidence and what parties need to prove to satisfy the "similarly situated" test.[3] *Id.* at pp. 3-8.

Direct evidence of discrimination "is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions. *Jacklyn v. Schering-Plough Healthcare Products Sales Corp.* 176 F.3d 921, 926 (6th Cir. 1999). "[D]irect evidence of discrimination does not require a factfinder to draw any inferences in order to conclude that the challenged employment action was motivated at least in part by prejudice against members of the protected group. *Johnson v. Kroger Co.,* 319 F.3d 858, 865 (6th Cir. 2003).

In order to establish discrimination through direct evidence Parks offered an alleged statement by non-decisionmaker Pat Mayer, made several years before Parks was terminated,

---

[2] In these pages, this Court discusses the fact that it erred in its application of the law to the facts.
[3] In these pages, this Court lays out what constitutes under the law as being direct evidence and what constitutes under the law for employees to be "similarly situated."

5

that "management", whoever that is, viewed Parks as a black radical. The unambiguous black letter law in this Circuit is that statements by non-decisionmakers cannot suffice to satisfy a plaintiff's burden of demonstrating racial animus through direct evidence. *Bush v. Dictaphone Corp.* 161 F.3d 363, 369 (6th Cir. 1998) (Quoting *Price Waterhouse v. Hopkins,* 490 U.S. 228, 277 (1989)). Further, statements of intermediate level management officials are not indicative of discrimination when the ultimate decision to discharge is made by an upper level official. *Wilson v. Stroh Cos., Inc.,* 952 F.2d 942, 945-46 (6th Cir. 1992). Finally, any racial animus of a manager cannot be imputed to an upper level manager who made the decision to terminate absent proof of a connection. *Talley v. Bravo Pitino Restaurant Ltd.,* 61 F.3d 1241, 1249 (6th Cir. 1995). Parks offered neither evidence to connect this statement, if it was ever made, to Brigano nor evidence that Brigano acted with racial animus when he terminated Parks employment. Accordingly, no difference of opinion exists as to the law regarding what is required to make a *prima facie* case using direct evidence; where the difference of opinion exists is whether Parks presented legally sufficient evidence to meet the standard. Once again, this is an evidentiary, not a legal issue, which can be resolved through trial and is not appropriate for immediate appeal pursuant to 1292(b).

Regarding the term "similarly situated" the well-settled law in this circuit states that in order to be deemed similarly situated for purposes of establishing discrimination through indirect evidence the individuals with whom the plaintiff seeks to compare his or her treatment must have "dealt with the dame supervisor, have been subjected to the same standards, and engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employers' treatment of them for it ." *Gray v. Toshiba America Consumer Products Inc.,* 263 F.3d 595 (6th Cir 2001) (Quoting *Mitchell v. Toledo Hospital* 964 F.2d 577,

583 (6th Cir. 1992)). This same standard was reiterated by this circuit in *Smith v. Legget Wire Company* 220 F.3d 752 (6th Cir. 2002) wherein the Sixth Circuit stated that similarly situated evidence consists of evidence that other employees, particularly employees not in the protected class, were not fired even though they engaged in substantially identical conduct to that which the employer contends motivated its discharge of the plaintiff.

In his attempt to establish discrimination through indirect evidence Parks claimed to be similarly situated to two other white correction officers, Brad Boy and Michelle Noble. Parks demonstrated that Boy, Noble and Parks were subject to the same standards and ultimate decisionmaker but made no attempt to show that any of the three had the same supervisors or engaged in the same conduct. In fact, Parks succeeded in demonstrating that his comparators engaged in misconduct that was radically different in both number and kind from the misconduct in which Parks engaged. Once again, Parks has not demonstrated that there is a controlling issue of law of which there is a difference of opinion, but is merely unhappy with this Court's finding that the evidence he presented at the first trial was legally insufficient and should have never made it to a jury. As stated earlier, mere disagreement with the district court's decision is not a ground for circumventing the proper procedures and attempting an immediate appeal pursuant to 1292(b).

### 3. Far From materially advancing the ultimate termination of the litigation Parks' motion seeks to delay and prolong litigation in this case

Interlocutory appeals under § 1292(b) should be used sparingly. 16 Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Eugene Gressman, *Federal Practice and Procedure*, § 3929, at 134 (1977). Any appeal under this section is necessarily a deviation from the ordinary policy of avoiding "piecemeal appellate review of trial court decisions which do not terminate the litigation." *U.S. v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982). Parks asserts that

7

"an immediate appeal from this Court's order granting a new trial will materially advance the ultimate termination of this litigation." Pl. Mot. to Certify, p. 5.

Far from advancing the ultimate termination of the litigation, Parks' motion seeks to add an extra step to the appellate process. Further, the granting of Parks' motion would only prolong litigation as many months would be pass before the case would reach argument before the Sixth Circuit if the Sixth Circuit were to accept the appeal. If this Court certifies the issues for appeal and the Sixth Circuit were to accept the appeal and affirm this Court's order the case would then be remanded to this Court for a trial on the merits, the very thing this Court has already granted. Conversely, only one week would be required for a jury trial and final disposition of the case by this Court. Further, after retrial in front of this Court the state of the evidence may not present the same question of sufficiency for submission to the jury. Parks is free to attempt to prove his case using whatever evidence of legal sufficiency he choses.

Parks maintains that to grant his motion means that this Court's order is either reversed and the jury verdict affirmed as it stands or this Court's order is affirmed and the case dismissed. This statement blatantly misstates the holding of this Court. Parks' case was not dismissed as this Court denied Brigano's motion for judgment as a matter of law. Had this Court granted Brigano's motion for judgment as a matter of law Parks would have had the right to appeal this ruling. However, this Court's order granted Brigano's motion for a new trial. Parks will again have the opportunity to present his case and whatever evidence, if any, he has to a jury. Further, if this Court were to certify Plaintiff's appeal, and the ruling was affirmed Parks would be back in front of this Court pursuing a second trial, only succeeding in prolonging the litigation and not dismissing his case as he maintains in his motion.

### C. This Court should not grant Plaintiff's Motion to Certify under 28 U.S.C. § 1292(b) as it would in effect nullify Rule 59 of the Federal Rules of Civil Procedure.

Rule 59 of the Federal Rules of Civil Procedure provides in part:

A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States…. (alteration added).

The function of a motion for a new trial under Rule 59 is to direct the trial court's attention to factual findings or conclusions of law, which moving parties regard as having resulted in an erroneous judgment. *U.S. v. U.S. Gypsum Co.*, 134 F.Supp. 69 (1955). It gives the court an opportunity to reexamine the entire factual situation and applicable law, and then to determine whether or not the verdict reached was reasonably justified by the facts. *Miller v. Pacific Mutual Life Insurance Co.*, 17 F.R.D. 121, 125 (1954).

If § 1292(b) were to be applied in this case, it would only serve to undercut the function of Rule 59, which in turn, would inevitably cause the nullification of the rule itself. It would allow parties such as Parks who are unhappy with a district ruling granting a motion for new trial to avoid re-trying the case (and possibly losing) by immediately filing a § 1292(b) motion in the hopes of having the court of appeals decide the case instead. This would also serve to obviate the abuse of discretion standard set forth when reviewing a district court's granting or denial of a Motion for a New Trial. Obviously, this was not the intent behind 1292(b) and the misuse of the statute should not be permitted by this Court.

### Conclusion.

For the foregoing reasons, Defendant Brigano requests that this Court deny Plaintiff's Motion to Certify under 28 U.S.C. § 1292(b).

Respectfully submitted,

JIM PETRO
Attorney General


*s/Anne E. Thomson*
ANNE E. THOMSON (0059301)
Assistant Attorney General, Trial Counsel


*s/Robert L. Griffin*
ROBERT L. GRIFFIN (0032885)
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2003, a copy of the foregoing Defendant's Response to Plaintiff's Motion to Certify Issues for Appeal Pursuant to 28 U.S.C. §1292(b) was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Courts system.


*s/Anne E. Thomson*
ANNE E. THOMSON
Assistant Attorney General