UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **RICHARD A. PARKS,** | : | |
| | : | |
| Plaintiff, | : | CASE NO. C1-00-494 |
| | : | |
| vs. | : | JUDGE BECKWITH |
| | : | |
| **WARREN CORRECTIONAL** | : | MAGISTRATE JUDGE HOGAN |
| **INSTITUTION, et al.,** | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY ISSUES FOR APPEAL PURSUANT TO 28 U.S.C. §1292(b)**

In response to Mr. Park's motion to certify issues for appeal, Defendant argues essentially that Mr. Parks misapprehends the appropriate use of §1292(b) and that he "blatantly mis-states the holding of the Court," in advancing the unassailable proposition that a decision by the Sixth Circuit is now necessary in order to terminate this litigation. Neither of Defendant's arguments is accurate.

First, §1292(b) has immediate application to this case. The Sixth Circuit has made clear that a court may permit an appeal taken from an order certified for interlocutory appeal where, (1) the order involves a controlling question of law; (2) a substantial ground of difference of opinion exists regarding the correctness of the decision; and, (3) an immediate appeal may advance the ultimate termination of the litigation. *In re City of Memphis,* 293 F.3rd 345, 350 (6th Cir. 2002). Thus, an appropriate application of §1292(b) rests upon the presence of a constellation

of three factors and not, as Defendant argues, the presence of a particular type or category of legal action, e.g. conspiracy or anti-trust litigation. What makes a case "exceptional" within the context of §1292(b) are the factors delineated in *In re Memphis*. For the reasons previously argued in Mr. Park's principal memorandum, those factors are manifest in this case and, for that reason, certification of an interlocutory appeal is warranted.

Second, Mr. Parks has not mis-stated or misconstrued the Court's ruling. Viewed from any angle, the ultimate disposition of this case will rest upon whether the Court was correct in ruling that the "similarly situated" evidence and the testimony that Mr. Parks was viewed by management as a black radical should not have been admitted into evidence. Defendant's arguments on this score are silly. It cannot seriously be disputed that the legal sufficiency of this evidence is not outcome determinative of this litigation. Indeed, the Court expressly stated that both the similarly situated and direct evidence were insufficient as a matter of law to satisfy the elements needed for a *prima facie* case and that summary judgment should have been and no doubt would be granted upon the filing of a new motion. In these circumstances an appellate ruling is imperative and inevitable. If the Court of Appeals finds that the Court was correct in its about face on these issues and should not have allowed this evidence to go to the jury in the first place, the case will be dismissed[1]; on the other hand, if the Court was incorrect the jury's verdict will be reinstated. In either and all events, the ultimate termination of this case rests squarely and exclusively upon an appellate court's ruling on these controlling issues of law.

---

[1] Otherwise, the verdict should have been affirmed because the jury would have had evidence sufficient to rule in Mr. Park's favor even without benefit of the "similarly situated" and "black radical" testimony. The fact that the Court came to the conclusion that it did not have a sufficient basis to dismiss the action outright merely underscores the inherent inconsistency and questionable validity of the Court's reasoning. Simply stated, if the case could not have been dismissed, the jury's verdict should have been affirmed. There is no middle ground.

For the foregoing reasons and for those stated previously in Mr. Park's principal memorandum, the motion to certify should be granted.

Respectfully submitted,

SIRKIN, PINALES, MEZIBOV & SCHWARTZ LLP

/s/ Marc D. Mezibov
MARC D. MEZIBOV (Ohio Bar # 0019316)
MICHAEL N. BUDELSKY (Ohio Bar # 0069573)
Sirkin, Pinales, Mezibov & Schwartz
105 West Fourth Street, Suite 920
Cincinnati, Ohio 45202-2776
Telephone: (513) 721-4876
Telecopier: (513) 721-0876

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served via electronic filing and regular mail upon Robert L. Griffin and Anne E. Thomson, Assistant Attorneys General, Employment Law Section, 140 East Town Street, 14th Floor, Columbus, Ohio 43215 by U.S. Mail, postage prepaid, on this 16th day of October, 2003.

/s/ Marc D. Mezibov
MARC D. MEZIBOV (Ohio Bar No. 0019316

G:\MDM\PARKS\REP2RESP.WPD