IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard A. Parks,            )
                             )
        Plaintiff,           )   Case No. C-1-00-494
                             )
    vs.                      )
                             )
Anthony Brigano,             )
                             )
        Defendant.           )

Memorandum and Order

On August 6, 2003, the jury in the trial of the above-captioned matter returned a verdict in Plaintiff's favor on his claim of race discrimination in violation of 42 U.S.C. §§ 1981 and 1983. The jury awarded Plaintiff $98,891.00 in compensatory damages, an amount to which the parties had stipulated as Plaintiff's lost wages. The jury declined to award punitive damages. Defendant Brigano subsequently moved for judgment as a matter of law, pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, or, in the alternative, for a new trial, pursuant to Rule 59. On September 18, 2003, this Court granted Defendant Brigano's motion for a new trial, concluding that it had applied incorrect legal standards in denying Defendant Brigano's motions for judgment pursuant to Rule 50(a) of the Federal Rules of Civil Procedure.

The standards in issue are those applicable to a claim of discrimination based upon direct evidence and to the *prima*

*facie* case of disparate treatment and are discussed at length in the Court's September 18 Order. Plaintiff now moves to certify issues related to the appropriate standards for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Section 1292(b) provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days of the entry of the order.

In order to establish that an interlocutory appeal is appropriate, a party seeking to appeal an order must establish (1) that the order involves a controlling legal question, (2) that substantial ground for difference of opinion exists, and (3) that a determination of the question by the Court of Appeals would materially advance the litigation in the district court. See In re Baker & Getty Financial Services, Inc., 954 F.2d 1169, 1172 (6th Cir. 1992). A strong federal policy exists against the piecemeal litigation permitted by interlocutory appeals. See Pacific Union Conference of Seventh-Day Adventists v. Marshall, 434 U.S. 1305, 1309 (1977).

The Court is persuaded that the first prerequisite for certification is satisfied. The issues upon which the Court

ruled in its September 18 Order are controlling issues of law in this action.  The Court is not persuaded that the second requirement is satisfied.  The Court's analysis is based upon settled law.  The fact that the Court earlier applied erroneous standards does not alter the status of the law.  Accordingly, even were Plaintiff able to establish that the third requirement for certification is met, his motion would not be well-taken.  Accordingly, his motion to certify issues for interlocutory appeal is hereby **DENIED**.

       **IT IS SO ORDERED.**

                                     /s/
                            Sandra S. Beckwith
                            United States District Judge