IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD A. PARKS, | : | CASE NO. C1-00-494 |
| Plaintiff, | : | JUDGE BECKWITH |
| v. | : | MAGISTRATE JUDGE HOGAN |
| WARDEN BRIGANO, | : | |
| Defendant. | | |

**MOTION IN LIMINE OF DEFENDANT WARDEN BRIGANO**

Defendant Anthony Brigano moves this Court for an order prohibiting Parks from making any reference at trial, written or oral, to his alleged comparables, Michelle Noble and Brad Boy, for the reasons more fully explored below. Additionally, Defendant seeks an order prohibiting Parks from making any reference at trial, written or oral, to the comment allegedly made by Pat Mayer regarding Parks being a "black radical" or a "radical black". A memorandum in support follows.

                                                                                                   Respectfully submitted,

                                                                                                    JIM PETRO
Attorney General

*s/ Anne E. Thomson*
ANNE E. THOMSON (0059301)
Assistant Attorney General

Trial counsel

*s/ Nicole S. Moss*
NICOLE S. MOSS (0062938)
Assistant Attorney General
Employment Law Section
150 E. Town Street, 22nd Floor
Columbus, OH 43215
(614) 644-7257
(614) 752-4677 facsimile

Co-counsel

**MEMORANDUM**

At the upcoming trial Parks will attempt to establish his Title VII race discrimination claim using both "direct" evidence and by proving a *prima facie* case under the burden shifting framework of *McDonnell Douglas Corp. v Green*, 411 U.S. 792, 802 (1973). However, the evidence that Parks seeks to introduce as direct evidence is too attenuated to his claims, and will introduce a level of confusion that will work a substantial and unfair prejudice against Brigano. Likewise, the introduction of evidence of the discipline of his so-called comparatives, Michelle Noble and Brad Boy, will needlessly complicate and confuse the issues for the jury inasmuch as this court has already determined that neither Noble or Boy are legally similarly situated to Parks. [Docket No. 46, filed September, 18, 2003.]

   1. **Applicable Federal Rules of Evidence**

      Federal Rule of Evidence 402, states, in relevant part:

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

      Federal Rule of Evidence 403, states, in relevant part:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

   2. **Pat Mayer's alleged statements about Parks being a "black radical" or a "radical black" are not direct evidence, and are not logically related to Warden Brigano's decision to suspend and then remove Parks.**

As the Court noted "Direct evidence of discrimination "is that evidence, which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in

3

the employer's actions."" *Jacklyn v. Schering-Plough Healthcare Products Sales Corp.*, 176 F. 3d 921, 926 (6th Cir. 1999). [Docket No. 46, filed September 18, 2003.]

Based upon this definition, Mayer's comment is not direct evidence of discrimination since it requires the jury to make inferences in order to arrive at conclusions of fact. *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1081 (6th Cir. 1994). Statements of personal opinion also are not direct evidence of discrimination. *See, e.g., Tomsic v. State Farm Mut. Ins. Co.*, 85 F.3d 1472, 1477 (10th Cir. 1996). As was succinctly stated by this Court, in its order of September, 18, 2003 in order to find intentional discrimination based upon Mayer's statement "a finder of fact would have been required to draw at least two inferences from the evidence: first, that "management" or "administration" referred to Defendant Brigano and, second, that Defendant Brigano acted on the implied animus when he made the disciplinary decision in question." [Docket No. 46, filed September 18, 2003 .]

Even if Mayer's comment is direct evidence of race discrimination, there must be a nexus between the comment and Warden Brigano's decision to suspend and eventually terminate Parks' employment. *Cooley v. Carmike Cinemas, Inc.*, 25 F.3d 1325, 1330 (6th Cir. 1994). Parks has so far been unable to show any such nexus between this alleged perception of him and Warden Brigano's decision. Pat Mayer, WCI's Labor Relations Officer and who is not a defendant in this action, allegedly told Parks that "the administration" believed Parks was a black radical or a radical black. At the time this comment was allegedly made, Parks never asked Mayer to identify whom in the WCI administration specifically held this view; he just assumed that Warden Brigano was included in the reference. [Parks Depo. at 38-40; Appx. at 57-59]. This is not enough of a basis to bring this comment before a jury and impute it to Warden Brigano.

Unfair prejudice "refers to evidence which tends to suggest a decision on an improper basis." *Robinson v. Runyon* 149 F. 3d 507, 515 (6th Cir. 1998) quoting *United States v. Bonds* 12 F. 3d 540, 567 (6th Cir. 1993) (citation and quotation marks omitted).  Unless Parks is able to demonstrate that Warden Brigano held the belief about Parks that he was a black radical or a radical black, allowing this statement to be submitted to the jury is unfairly prejudicial.  This is so because the jury may be tempted leap to the same conclusion that Parks did—that Warden Brigano was necessarily included in Mayer's understanding of who constituted the "administration" at WCI and that Mayer was correct in his assessment that Warden Brigano specifically held this point of view.  This is the improper basis that could be suggested by this piece of evidence and that, perhaps, was during the previous trial.  Without evidence of a nexus between Mayer's statement and Warden Brigano's actions, allowing this statement into evidence before the jury will unfairly prejudice Warden Brigano and also leave him with no way to address or counteract the prejudice at the trial on this matter.

3. **Michelle Noble and Brad Boy are in no way legally similarly situated to Parks and therefore the introduction of evidence about their employment history at WCI would be confusing to the jury and could lead to unfair prejudice.**

To establish that Brad Boy and Michelle Noble were similarly situated under *Mitchell v. Toledo Hospital,* 964 F.2d 577(6th Cir. 1992), it should be true that these individuals are non-minorities, who had the same supervisor and were subject to the same standards. Parks must also show that Boy and Noble "have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Mitchell*, 964 F.2d at 583.  "Exact correlation between the plaintiff and the proffered similarly situated employee is not required." *Harrison v. Metropolitan Gov't of Nashville*, 80 F.3d 1107, 1115 (6th Cir.), cert. denied,

5

519 U.S. 863, 117 S. Ct. 169 (1996). Nor is "[p]recise equivalence in culpability between employees" required. *Harrison*, 80 F.3d 1115 (quoting *McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. 273m 283 n.11, 96 S. Ct. 2574 (1976). However,"[i]n cases asserting discriminatory disciplinary action, it is necessary to show that the asserted similarly situated non-minority employees engaged in misconduct of 'comparable seriousness'." *Id.* In this case, Ms. Noble and Mr. Boy, according to Parks, both suffered from persistent tardiness. Mr. Boy, in particular, was alleged to have been frequently awol and had a one-time altercation with another CO beyond the sight of the inmates. [Parks Depo. at 284-285 and 304.] Ms. Noble once referred to a co-worker as a bitch in front of a deputy warden. Without even doing a thorough analysis of the similarly situated test articulated in *Mitchell*, it is apparent that neither of these episodes is legally of comparable seriousness to the conduct in which Parks engaged.

Parks' difficulties and resultant discipline ran the gamut from unexcused absences to inappropriate behavior, insubordination, and serious disruption in the workplace. His misconduct is not all similar to that of Ms. Noble and Mr. Boy. When a plaintiff's comparables do not meet all of the prongs to be found similarly situated, Courts have granted motions in limine, forbidding introduction of evidence on those comparables. *Marlborough v. American Steel Foundries,* 1996 U.S. Dist. LEXIS 2028 (N.D. Ill. Feb. 21, 1996); *Frazier v. Ind. Dep't of Labor,* 2003 U.S. Dist. LEXIS 9073 (S.D. Ind. Mar. 17, 2003).

Applying Rules 402 and 403 to this case, it is clear that any evidence Parks seeks to introduce at trial regarding Pat Mayer's comments or evidence on the disciplinary history of Brad Boy and Michelle Noble would unfairly prejudice Brigano, confuse the issues, and mislead

6

the jury. Whatever probative value the incidents might have would be substantially outweighed by the obvious risks of confusion of the issues and presentation of useless evidence.

**Conclusion**

In conclusion, Federal Rules of Evidence 402 and 403 mandates the exclusion of the aforementioned evidence. The Court has already ruled that Pat Mayer's comments are not direct evidence and that Michelle Noble and Brad Boy were not similarly situated to Parks. Clearly, whatever probative value the incidents have in this case would be substantially outweighed by the dangers enumerated in Rule 403. Thus, the evidence should be excluded under Rules 402 and 403. Based upon all of the foregoing, Defendant Brigano respectfully request that the Court grant the instant Motion in Limine.

                                                  Respectfully submitted,

                                                  JIM PETRO
                                                  Attorney General

                                                  *s/ Anne E. Thomson*
                                                 ANNE E. THOMSON (0059301)
                                                 Assistant Attorney General

                                                 Trial counsel

*s/ Nicole S. Moss*
NICOLE S. MOSS (0062938)
Assistant Attorney General
Employment Law Section
150 E. Town Street, 22nd Floor
Columbus, OH  43215
(614) 644-7257
(614) 752-4677 facsimile

Co-counsel

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing *Motion in Limine* was electronically served upon Marc D. Mezibov, SIRKIN, PINALES, MEZIBOV & SCHWARTZ on this 28th day of January 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Anne E. Thomson*
ANNE E. THOMSON

*s/ Nicole S. Moss*
NICOLE S. MOSS
Assistant Attorneys General