LEXSEE 2003 US DIST. LEXIS 9073

**RUDOLPH FRAZIER, SR., Plaintiff, vs. INDIANA DEPARTMENT OF LABOR, Defendant.**

IP 01-198-C-T/K

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

*2003 U.S. Dist. LEXIS 9073*

**March 17, 2003, Decided**

**SUBSEQUENT HISTORY:** On reconsideration by, Modified by, in part *Frazier v. Ind. Dep't of Labor, 2003 U.S. Dist. LEXIS 9067 (S.D. Ind., Mar. 24, 2003)*

**PRIOR HISTORY:** *Frazier v. Ind. Dep't of Labor, 2002 U.S. Dist. LEXIS 20933 (S.D. Ind., Oct. 16, 2002)*

**DISPOSITION:** [*1] Defendant's Motion in Limine GRANTED IN PART and DENIED IN PART.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff employee sued defendant employer for employment discrimination. The employer filed a motion in limine to exclude certain matters from revelation at trial.

**OVERVIEW:** The employer sought to exclude any discussion of back pay or front pay. The court found that an award of back pay or front pay was an equitable matter for the judge's determination, but the employee would be allowed to mention the pay differential that resulted when he was removed from one position and placed in another, to the extent that the pay differential related to a claim for mental anguish and emotional distress. The employer also challenged use of work records concerning several persons whom the employee claimed were similarly situated. The court found they were not similarly situated, as they did not share the same direct supervisor and did not hold equivalent positions. Matters regarding the causation of the employee's medical, psychological, or psychiatric conditions were excluded unless expert testimony was offered, although the employee could testify from personal knowledge as to any alleged emotional distress. Equal Employment Opportunity Commission (EEOC) charges and other matters were inadmissible except for the employer's position statement. Any alleged discriminatory acts that occurred more than 300 days before the employee's EEOC charge were excluded.

**OUTCOME:** The employer's motion was denied as to limited mention of the pay differential and the employer's EEOC position statement. The motion was otherwise granted.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

*Labor & Employment Law > Discrimination > Title VII*
[HN1] Back pay and front pay awards under Title VII of the Civil Rights Act of 1964 are equitable issues for the judge's determination rather than the jury's. Title VII authorizes front pay as an equitable remedy.

*Labor & Employment Law > Discrimination > Disparate Treatment*
[HN2] For purposes of an employment discrimination case, a similarly situated employee is one who is directly comparable to the plaintiff in all material respects. In deciding whether another employee is similarly situated to the plaintiff, the court must consider all relevant factors, the number of which depends on the context of the case. Relevant factors include whether the employee and proffered comparable dealt with the same supervisor and were subject to the same standards. Commonality of supervisors is important because different employment decisions, concerning different employees, made by different supervisors sufficiently account for any

Case 1:00-cv-00494-SSB-TSH    Document 53-2    Filed 01/28/2004    Page 2 of 8

Page 2
2003 U.S. Dist. LEXIS 9073, *

disparity in treatment, thereby preventing an inference of discrimination. Another relevant factor is whether the employee and proffered comparable held the same or equivalent positions at the time of the challenged employment decision.

*Labor & Employment Law > Discrimination > Disparate Treatment*
[HN3] For purposes of an employment discrimination claim, a similarly situated employee is directly comparable to the plaintiff in all material respects.

*Evidence > Witnesses > Expert Testimony*
[HN4] Matters regarding the causation of any of a plaintiff's medical, psychological or psychiatric conditions require expert testimony. *Fed. R. Civ. P. 701(c)*. Any specific diagnoses of the plaintiff's condition, likewise, require expert testimony.

*Evidence > Witnesses > Expert Testimony*
[HN5] To the extent a plaintiff seeks to recover expenses incurred for treating a medical, psychological or psychiatric condition, expert testimony is required to establish the reasonable cost and necessity of treatment for such condition.

*Labor & Employment Law > U.S. Equal Employment Opportunity Commission > Enforcement*
[HN6] An employer's position statement in an Equal Employment Opportunity Commission (EEOC) proceeding may be admissible to the extent it constitutes an admission, or to show the employer has given inconsistent statements in justifying its challenged decision, which may tend to prove that its stated reasons are pretexts. Further, disclosure of factual information related to the employer's position on the merits of an employee's EEOC charge is not inadmissible under § 706(b) *(42 U.S.C.S. § 2000e-5*(b)) of Title VII of the Civil Rights Act of 1964. That section precludes admission of anything said or done as part of the informal endeavors by the EEOC to correct the alleged unlawful discrimination by informal methods of conference, conciliation, and persuasion. If, however, the employer's position paper contains statements relating to compromise, settlement or conciliation, such statements would be inadmissible and should be redacted. *42 U.S.C.S. § 2000e-5*(b).

*Labor & Employment Law > U.S. Equal Employment Opportunity Commission > Exhaustion of Remedies*
[HN7] Generally a plaintiff may not bring claims under Title VII of the Civil Rights Act of 1964 that were not originally brought among the charges to the Equal Employment Opportunity Commission (EEOC). However, a plaintiff may bring claims not in the EEOC charge if the claim is "like or reasonably related" to the EEOC charges, and the claim in the complaint reasonably could be expected to grow out of an EEOC investigation of the charge. Claims are alike or reasonably related if there is a factual relationship between them. This means that the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals.

*Labor & Employment Law > U.S. Equal Employment Opportunity Commission > Time Limitations*
[HN8] Allegedly discriminatory acts which occurred more than 300 days before a plaintiff filed his charge of discrimination with the Equal Employment Opportunity Commission are not actionable, unless there is a continuing violation.

**COUNSEL:** For Frazier Sr, Rudolph, PLAINTIFF: Timothy Clark, Clark Coleman & Freeman, Indianapolis, IN USA.

For Indiana Department of Labor, DEFENDANT: Larry M Champion, Office of Attorney General, Indianapolis, IN USA.

**JUDGES:** John Daniel Tinder, Judge, United States District Court.

**OPINIONBY:** John Daniel Tinder

**OPINION:**

ENTRY ON DEFENDANT'S MOTION IN LIMINE n1

> n1 This Entry is a matter of public record and is being made available to the public on the court's web site, but it is not intended for commercial publication either electronically or in paper form. Although the ruling or rulings in this Entry will govern the case presently before this court, this court does not consider the discussion in this Entry to be sufficiently novel or instructive to justify commercial publication or the subsequent citation of it in other proceedings.

The Defendant, the Indiana Department of Labor ("DOL"), filed a motion in limine seeking to exclude the following matters [*2] from discussion or revelation at trial by the parties, their counsel and their witnesses: (1) any retaliation against the Plaintiff on the part of the Defendant; (2) back pay or front pay of the Plaintiff; (3) any prior investigations, disciplinary actions, counseling, performance evaluations, work improvement plans, or

involuntary separation of employment of the Plaintiff's supervisors or fellow employees with the exception of Nancy Jones to the extent she might be considered comparable to the Plaintiff; (4) any medical, psychological or psychiatric condition of the Plaintiff alleged to be proximately caused by any fact or allegation of the Plaintiff until admissible evidence of such condition is presented by an expert witness, except that the Plaintiff may be allowed to testify in lay terms from his personal knowledge as to allegations of mental anguish or emotional distress; (5) any medical, psychological or psychiatric condition of the Plaintiff alleged to be proximately caused by any fact or allegation of the Plaintiff by any lay witness; (6) any expenses incurred for any medical, psychological or psychiatric condition of the Plaintiff alleged to be proximately caused by any fact [*3] or allegation of the Plaintiff by the Plaintiff or any witness until an expert witness testifies as to the reasonableness of the cost and necessity of the treatment; (7) any Equal Employment Opportunity Commission ("EEOC") charges, grievances, and administrative or legal claims or causes of action, including the investigations of such charges, grievances, and administrative or legal claims or causes of action of the Plaintiff and other former or current DOL employees including the position statements of the complainants and respondents and the resolution or settlement of any such charges, claims or actions; (8) any subsequent remedial measure to prove any allegation of the Plaintiff; (9) settlement negotiations; and (10) any alleged acts of discrimination not referenced in the charge the Plaintiff filed with the EEOC, alleged acts of retaliation or "whistle blower" claims. Each matter is addressed in turn.

*(1) Retaliation*

The Plaintiff's retaliation claim against the Defendant was dismissed by the court and, thus, any evidence of retaliation against the Plaintiff is irrelevant in the trial of the discrimination claims and inadmissible under *Federal Rule of Evidence 402*. Even [*4] if relevant, such evidence should be excluded under *Rule 403* as its probative value would be substantially outweighed by the danger of unfair prejudice to the Defendant and confusion of the issues. Therefore, the Defendant's motion in limine is **GRANTED** as to any retaliation against the Plaintiff on the part of the Defendant.

*(2) Back Pay/Front Pay*

[HN1] Back pay and front pay awards under *Title VII* are equitable issues for the judge's determination rather than the jury's. *See Williams v. Pharmacia, Inc., 137 F.3d 944, 951-52 (7th Cir. 1998)* (holding Title VII authorizes front pay as an equitable remedy); *Gusman v. Unisys Corp., 986 F.2d 1146, 1147 (7th Cir. 1993)* (back pay in age discrimination case); *Price v. Marshall Erdman & Assoc., 966 F.2d 320, 324 (7th Cir. 1992)* (same); *Grayson v. Wickes Corp., 607 F.2d 1194, 1195 (7th Cir. 1979)* (back pay under *Equal Pay Act*). As a result, the Defendant's motion in limine is **GRANTED** as to back pay and front pay of the Plaintiff. For purposes of this order, back pay is the difference between the past wages and benefits the Plaintiff received in the Field Auditor [*5] position and the wages and benefits he would have received had he remained in the Controller position, and front pay means the difference between the future wages and benefits that the Plaintiff will earn in the Field Auditor position and the wages and benefits he would have earned had he remained in the Controller position. Thus, the jury will not be instructed on back or front pay as an element of damages, evidence of compensation matters may not be offered or referred to in the presence of the jury, and no argument about compensation matters is to be made in the presence of the jury.

However, the evidence may show that the pay differential in some way relates to mental anguish or emotional distress damages. That is to say that the court can envision the presentation of evidence to show that the reduction in pay and prestige could have affected the Plaintiff's state of mind. This order in limine, therefore, does not preclude mention or general reference to the existence of a pay differential between the pay the Plaintiff received in the Controller position and the pay he received after being removed from that position and placed in the Field Auditor position, if it is linked by [*6] the evidence to a claim for mental anguish or emotion distress. The differential is not be to quantified, as with a claim for front or back pay, but rather, can be mentioned in a general way if it is shown to have a relationship to the matters of damage that are within the jury's province.

*(3) Comparator Evidence*

The Plaintiff has listed on his final exhibit list performance appraisals for Joseph Black, Chris Bryant, David Crall, Brent Cuniffe, Gregory Dewey and Jennifer Hoene, and work improvement plans for Douglas Book, Louise Andreani/Carr, Gary Cahill, Kevin Coleman, Joseph Hilgenberg, James Lamb and Jason Reason. At the final pretrial conference, the Plaintiff indicated his intent to offer evidence at trial that such individuals received performance appraisals or work improvement plans. In the summary judgment entry, see Entry Adopting the Magistrate Judge's Report and Recommendation as Modified Herein, dated October 16, 2002, at pages 3-4, footnote 2, the court anticipated that this issue would need to be addressed in the future and that day has now arrived.

Case 1:00-cv-00494-SSB-TSH   Document 53-2   Filed 01/28/2004   Page 4 of 8

Page 4
2003 U.S. Dist. LEXIS 9073, *

The evidence at issue is intended to support a finding that employees similarly situated to the Plaintiff but not [*7] in the protected class were treated more favorably. [HN2] "A similarly situated employee is one who is 'directly comparable to [the plaintiff] in all material respects.'" *Rogers v. City of Chicago, 320 F.3d 748, 2003 WL 483202, at *6 (7th Cir. 2003)* (quoting *Grayson v. O'Neill, 308 F.3d 808, 819 (7th Cir. 2002))*; *see also Patterson v. Avery Dennison Corp., 281 F.3d 676, 680 (7th Cir. 2002)* (finding plaintiff not comparable to another employee in all material respects where plaintiff and other employee reported to and were evaluated by different supervisors and had different qualifications, experiences and responsibilities). In deciding whether another employee is similarly situated to the Plaintiff, the court must consider "all relevant factors, the number of which depends on the context of the case." *Patterson, 281 F.3d at 680* (quoting *Radue v. Kimberly-Clark Corp., 219 F.3d 612, 617 (7th Cir. 2000))*.

Relevant factors include whether the employee and proffered comparable "'dealt with the same supervisor'" and were "'subject to the same standards.'" *281 F.3d at 680* [*8] (quoting *Radue, 219 F.3d at 617-18*); *see also Lim v. Trs. of Ind. Univ., 297 F.3d 575, 581 (7th Cir. 2002)* (holding male professors granted tenure before implementation of higher publishing standards several years before female professor was a tenure candidate were not similarly situated to female professor); *Snipes v. Ill. Dep't of Corr., 291 F.3d 460, 463 (7th Cir. 2002)* (holding district court did not abuse its discretion in concluding that plaintiff was not similarly situated to co-employees who had different supervisors than plaintiff). Commonality of supervisors is important because "different employment decisions, concerning different employees, made by different supervisors ... sufficiently account for any disparity in treatment, thereby preventing an inference of discrimination." *Snipes, 291 F.3d at 463* (quotation omitted); *see also Radue, 219 F.3d at 618* (explaining when "different decision-makers are involved, two decisions are rarely similarly situated in all respects"). Another relevant factor is whether the employee and proffered comparable held the same or equivalent positions at the [*9] time of the challenged employment decision. *See, e.g., Patterson, 281 F.3d at 680* (holding plaintiff failed to show coworker was similarly situated where coworker "held an entirely different position in another division of the company"); *Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc., 254 F.3d 644, 651 (7th Cir. 2001)* (deciding comparator was not similarly situated to plaintiff because they did not hold the same or equivalent positions at the time of the challenged employment decision); *cf. Johnson v. Zema Sys. Corp., 170 F.3d 734, 743-44 (7th Cir. 1999)* (comparing plaintiff to only other employee in same level managerial position as plaintiff).

Considering these relevant factors, the court determines based on the record before it that Black, Bryant, Crall, Cuniffe, Dewey, Hoene, Book, Andreani/Carr, Cahill, Coleman, Hilgenberg, Lamb and Reason are not similarly situated to the Plaintiff. n2 Even though these employees were merit employees of the DOL like the Plaintiff and, thus, subject to some of the same standards, including personnel rules, their circumstances are far different from his. These employees did not share the [*10] same direct supervisor with the Plaintiff. Commissioner Joyce was not responsible for performing, and did not perform, their appraisals or work improvement plans, but rather, merely signed off on the appraisals or plans for them done by others. This difference in the role Joyce played respecting their appraisals and plans would sufficiently account for any difference in the giving of such appraisals and plans between these employees and the Plaintiff. *See Radue, 219 F.3d at 618*.

n2 The work improvement plans for Book, Cahill and Reason were not offered by the Plaintiff in opposing the Defendant's summary judgment motion, and the court has been unable to find their plans elsewhere in the record. For purposes of this ruling, it is assumed that these employees, like the others offered by the Plaintiff, did not have Commissioner Joyce as their direct supervisor; Joyce did not conduct their work improvement plans or appraisals, but merely signed off on them; and they held positions different from and not equivalent to that held by the Plaintiff.

[*11]

In addition, these employees appear to have held positions quite different from and not equivalent to that held by the Plaintiff at the time of his removal, and they presumably had quite different responsibilities. For example, Cuniffe's position was classified on his performance appraisal as "Indst. Hygnst 4" (PL's Br. Opp'n Summ. J., Ex. 10) and Lamb's position was classified as "Constr Insp 4." (*Id.,* Ex. 18). If the Plaintiff were correct in claiming that all merit employees were sufficiently similar to him, then almost every state employee would be a comparator. This cannot be. Being a merit employee subject to the same personnel rules as the Plaintiff may make all merit employees comparable in one material respect to the Plaintiff, but this is just one respect. [HN3] A similarly situated employee is directly

comparable to the Plaintiff "in all material respects." *Rogers, 320 F.3d 748, 2003 WL 483202 at \*6.*

The Plaintiff has not demonstrated that Black, Bryant, Crall, Cuniffe, Dewey, Hoene, Book, Andreani/Carr, Cahill, Coleman, Hilgenberg, Lamb, Reason or any person other than Nancy Jones, is directly comparable to the Plaintiff in all material respects. Therefore, the court [*12] concludes that no one other than Nancy Jones is sufficiently similarly situated to the Plaintiff as to be considered his comparator. The Defendant's motion in limine is **GRANTED** as to any prior investigations, disciplinary actions, counseling, performance evaluations, work improvement plans, or involuntary separation of employment of the Plaintiff's supervisors or fellow employees with the exception of Nancy Jones.

*(4) Medical, Psychological or Psychiatric Condition*

The Defendant seeks to exclude any reference to or evidence of any medical, psychological or psychiatric condition of the Plaintiff alleged to be proximately caused by any fact or allegation of the Plaintiff until admissible evidence of such condition is presented by an expert witness, except that the Plaintiff may be allowed to testify in lay terms from his personal knowledge as to allegations of mental anguish or emotional distress. The DOL contends that such matters are outside the scope of knowledge of lay persons and require the testimony of any expert under *Rules 701, 702* and *703 of the Federal Rules of Evidence*. The court agrees.

[HN4] Matters regarding the causation of any of the Plaintiff's medical, psychological [*13] or psychiatric conditions require expert testimony. *See Fed. R. Civ. P. 701(c), 702*; *DeSanto v. Rowan Univ., 224 F. Supp. 2d 819, 830 (D.N.J. 2002)* (granting motion in limine to exclude doctor's testimony that the plaintiff suffered from gastric disorders where doctor had not been identified as an expert witness and concluding that expert testimony was required to establish connection between plaintiff's condition and defendant's allegedly discriminatory conduct); *Ferris v. Pa. Fed'n Bhd. of Maint. of Way Employees, 153 F. Supp. 2d 736, 743-45 (E.D. Pa. 2001)* (excluding testimony of doctor who was not qualified as an expert as to the causation of the plaintiff's mental conditions). Any specific diagnoses of the plaintiff's condition, likewise, require expert testimony. *See, e.g., DeSanto, 224 F. Supp. 2d at 830*; *Ferris, 153 F. Supp. 2d at 746*. So, the motion in limine is **GRANTED** as to any medical, psychological or psychiatric condition of the Plaintiff alleged to be proximately caused by any fact or allegation of the Plaintiff until admissible evidence of such condition is presented by an expert witness. [*14]

The Plaintiff, however, will be allowed to testify from his personal knowledge as to any emotional distress or mental anguish that he allegedly suffers. *See id.* It bears repeating, however, that the Plaintiff cannot testify about his beliefs as to how this emotional distress or mental anguish was caused, absent expert testimony regarding causation. *See id.*

*(5) Lay Testimony as to Medical, Psychological or Psychiatric Condition*

For the reasons stated above in addressing paragraph (4) of the motion in limine, the motion also will be **GRANTED** as to evidence of any medical, psychological or psychiatric condition of the Plaintiff alleged to be proximately caused by any fact or allegation of the Plaintiff by any lay witness.

*(6) Expenses of Medical, Psychological or Psychiatric Treatment*

Given the court's conclusion that expert testimony is required regarding the causation of any of the Plaintiff's alleged medical, psychological or psychiatric conditions, it follows that [HN5] to the extent the Plaintiff seeks to recover expenses incurred for treating such a condition, expert testimony also is required to establish the reasonable cost and necessity of treatment for such condition. [*15] *See Ferris v. Pa. Fed'n Bhd. of Maint. of Way Employees, 153 F. Supp. 2d 736, 743 (E.D. Pa. 2001)*. Therefore, the Defendant's motion in limine is **GRANTED** as to the Plaintiff's expenses incurred for any medical, psychological or psychiatric condition alleged to be proximately caused by any fact or allegation of the Plaintiff by the Plaintiff or any witness until the reasonableness of cost and necessity of treatment are testified to by an expert witness.

*(7) EEOC Matters*

The Defendant argues that EEOC matters are irrelevant, inadmissible under a *Rule 403* balancing test, inadmissible hearsay, and inadmissible under *Rule 408*. The DOL also contends that admission of evidence of such matters would violate *section 706(b)* of Title VII of the Civil Rights Act of 1964, *42 U.S.C. § 2000e-5(b)*. Though the court agrees that EEOC charges, grievances, and claims, including the investigations of such charges, grievances, and claims of the Plaintiff and other former or current DOL employees including the position statements of the complainants and the resolution or settlement of any such charges, grievances or claims are inadmissible for a number [*16] of reasons, including on the basis of relevance, a *Rule 403* balancing test, and hearsay, see *Tulloss v. Near N. Montessori Sch., 776 F.2d 150, 154 (7th Cir. 1985)*, the court disagrees with respect to the DOL's position statements in response to any claim, grievance or charge of the Plaintiff.

[HN6] An employer's position statement in an EEOC proceeding may be admissible to the extent it constitutes an admission, or to show the employer has given inconsistent statements in justifying its challenged decision, which may tend to prove that its stated reasons are pretexts. *See, e.g., Maschka v. Genuine Parts Co., 122 F.3d 566, 570-71 (8th Cir. 1997); Olitsky v. Spencer Gifts, Inc., 964 F.2d 1471, 1476-77 (5th Cir. 1992)*. Further, disclosure of factual information related to the DOL's position on the merits of Mr. Frazier's EEOC Charge is not inadmissible under *section 706(b)*. *See, e.g., Olitsky, 964 F.2d at 1477*. That section precludes admission of anything said or done as part of the informal endeavors by the EEOC to correct the alleged unlawful discrimination by "informal methods of conference, conciliation, and persuasion. [*17] " *42 U.S.C. § 2000e-5(b)*. A defendant's position statement is not necessarily given as part of such conciliatory endeavors. If, however, the DOL's position paper contains statements relating to compromise, settlement or conciliation, such statements would be inadmissible and should be redacted. *See 42 U.S.C. § 2000e-5(b); cf. Brooks v. Grandma's House Day Care Ctrs., Inc., 227 F. Supp. 2d 1041, 1044-45 (E.D. Wis. 2002)*. Accordingly, the Defendant's Motion in Limine is **DENIED** as to the DOL's position statement made in response to Mr. Frazier's charge, but **GRANTED** as to all other matters raised in paragraph (7) of the Defendant's motion in limine. However, before counsel for the Plaintiff makes any reference to the DOL's position statement to the EEOC, a showing must be made outside the presence of the jury of the relevance of the position statement, that is, that it either contains admissions against interest or that it is inconsistent with the DOL's assertions in this litigation.

*(8) Subsequent Remedial Measures*

The Defendant's motion in limine is **GRANTED** as to any subsequent remedial measures [*18] taken by the DOL. Evidence of such measures is not admissible to prove negligence or culpable conduct pursuant to *Federal Rule of Evidence 407*.

*(9) Settlement Negotiations*

The Defendant's motion in limine is **GRANTED** as to settlement negotiations as evidence of the same is inadmissible under *Federal Rule of Evidence 408*.

*(10) Scope of EEOC Charge*

The Defendant's memorandum supporting its motion in limine addresses under paragraph (10) only matters either outside the scope of the Plaintiff's EEOC charge or alleged acts which occurred outside the limitations period. It is unclear to what matters the Defendant refers to in its motion as "whistle blower" claims, and, thus, the court does not address any such claims to the extent they do not fall within claims that are outside the scope of the EEOC charge or outside the limitations period. Matters of retaliation are covered by paragraph (1) and need not be repeated in connection with paragraph (10).

[HN7] "Generally a plaintiff may not bring claims under Title VII that were not originally brought among the charges to the EEOC." *Peters v. Renaissance Hotel Operating Co., 307 F.3d 535, 550 (7th Cir. 2002)* (quotation [*19] omitted). However, a plaintiff may bring claims not in the EEOC charge if the claim is "'like or reasonably related' to the EEOC charges, and the claim in the complaint reasonably [could] be expected to grow out of an EEOC investigation of the charge." *Id.* (quotation omitted). Claims are alike or reasonably related if "there is a factual relationship between them. This means that the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals." *Id.* (quotation omitted).

[HN8] Allegedly discriminatory acts which occurred more than 300 days before the Plaintiff filed his Charge of Discrimination are not actionable, unless there is a continuing violation. *See Minor v. Ivy Tech State Coll., 174 F.3d 855, 857 (7th Cir. 1999)*. The Plaintiff has not shown a continuing violation, and it seems that he could not since he bases his claim on the discrete acts of removing him from the position of Controller and demoting him to the position of Field Auditor. *See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 S. Ct. 2061, 2072-73, 153 L. Ed. 2d 106 (2002); Tinner v. United Ins. Co. of Am., 308 F.3d 697, 708 (7th Cir. 2002),* [*20] *petition for cert. filed, No. 02-1049, 71 U.S.L.W. 3489* (Jan. 8, 2003).

Therefore, the Defendant's motion in limine is **GRANTED** as to any alleged acts of discrimination which occurred more than 300 days before the Plaintiff filed his Charge of Discrimination and as to acts not included in the Plaintiff's Charge; provided, however, that the court will reconsider this latter ruling if and when the Plaintiff makes a sufficient showing that any matters not included in his EEOC Charge are like or reasonably related to his EEOC Charge and reasonably could be expected to grow out of an EEOC investigation of his Charge.

*Conclusion*

The Defendant's Motion in Limine is **GRANTED IN PART** and **DENIED IN PART** as set forth above. With respect to any matters for which the motion is granted, it is **ORDERED** that the parties and their counsel and witnesses shall not mention or refer to such matters in the presence of the jury or offer evidence of such matters to the jury, without counsel first consulting and obtaining express permission from the court outside

the presence of the jury. Counsel are **DIRECTED** to inform the parties and all of their witnesses [*21] of this order.

ALL OF WHICH IS ORDERED this 17th day of March 2003.

John Daniel Tinder, Judge

United States District Court

103GZ9

\*\*\*\*\*\*\*\*\*\*  Print Completed  \*\*\*\*\*\*\*\*\*\*

Time of Request:   January 28, 2004  01:53 PM EST

Print Number:    1862:0:2280368
Number of Lines:   327
Number of Pages:

Send To:  MOSS, NICOLE
    OHIO AG-EMPLOYMENT LAW
    30 E BROAD ST
    15TH FLOOR
    COLUMBUS, OHIO 43215-3414