LEXSEE 1996 U.S. DIST. LEXIS 2028

**DONALD J. MARLBOROUGH, Plaintiff, v. AMERICAN STEEL FOUNDRIES, and AMSTED INDUSTRIES, INC., Defendants.**

No. 95 C 3151

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

*1996 U.S. Dist. LEXIS 2028*

**February 21, 1996, Decided
February 23, 1996, DOCKETED**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant employers filed a motion in limine to exclude certain evidence from the trial of plaintiff employee's claim for wrongful discharge in violation of the Age Discrimination in Employment Act (ADEA), *28 U.S.C.S. § 621* et seq.

**OVERVIEW:** The employee filed suit against his employers under the ADEA, alleging that he was discharged because of his age. The employers filed a motion in limine to exclude certain evidence from trial under *Fed. R. Civ. P. 402*. The court granted the motion in part, precluding the employee from presenting evidence concerning the employers' treatment of four other employees who were not similarly situated to the discriminated employee. However, the court denied the motion in part, finding, among other things, that the employers failed to show that the employee's evidence of front pay damages was inadmissible. Further, under *Fed. R. Civ. P. 403*, the probative value of the front pay evidence was not substantially outweighed by the danger of unfair prejudice. Also, the court decided to submit the front pay evidence to the jury for an advisory opinion. Finally, the employers failed to show that evidence of the employee's former supervisors' opinions concerning his satisfactory job performance was clearly inadmissible. The employers failed to show that the evidence did not relate to the employers' specific reasons for discharging the employer and if it did, it might have been probative of pretext.

**OUTCOME:** The employers' motions in limine were granted in part and denied in part, in the employee's action for wrongful discharge under the ADEA. The issue of front pay damages was to be submitted to the jury for an advisory opinion.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

*Civil Procedure > Trials > Motions In Limine*
[HN1] Motions in limine are disfavored. An order in limine excludes clearly inadmissible evidence. Evidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds. Evidentiary rulings should be deferred until trial so questions of foundation, competency, relevancy and potential prejudice may be resolved in proper context. Denial of a motion in limine does not mean all evidence contemplated by the motion will be admitted. Rather, denial means the court cannot determine whether the evidence should be excluded outside the trial context. The court will consider objections on individual proffers as they arise even though the proffer falls within the scope of a denied motion in limine.

*Labor & Employment Law > Discrimination > Age Discrimination > Proof of Discrimination*
[HN2] An employer's failure to offer a terminated employee a different position for which he was qualified permits, though does not require, an inference of discriminatory intent.

*Labor & Employment Law > Discrimination > Age Discrimination > Remedies*

[HN3] A court may submit the front pay issue to the jury for advice, but it is not bound by the jury's advisory verdict.

*Labor & Employment Law > Discrimination > Age Discrimination > Proof of Discrimination*
[HN4] To be similarly-situated to the plaintiff who was in management, a comparable employee must also be in management. Employees are not similarly situated if they do not hold comparable positions.

*Labor & Employment Law > Discrimination > Age Discrimination > Proof of Discrimination*
[HN5] Proof of generally adequate performance, however, may not be used to rebut a specific reason for discharge, and if the reason is deficient performance in one area, the plaintiff seeking to prove pretext must demonstrate adequate performance in that area.

*Labor & Employment Law > Discrimination > Age Discrimination > Proof of Discrimination*
[HN6] In the United States Court of Appeals for the Seventh Circuit, prior performance evaluations and former supervisors' opinions may be probative of pretext if they address the specific reasons articulated for discharging the plaintiff.

**COUNSEL:** [*1] For DONALD J MARLBOROUGH, plaintiff: Karen Lynn Spence, [COR], Katherine M Anthony, [COR], Cynthia Lynne Hackerott, [COR A], Herbert H. Victor, Chicago, IL. Herbert H. Victor, [COR LD NTC A], Attorney at Law, Chicago, IL.

For AMERICAN STEEL FOUNDRIES, AMSTED INDUSTRIES, INC., defendants: Richard H. Schnadig, [COR LD NTC A], Karen Taylor Donmoyer, [COR], Kathleen Liv Lyons, [COR], Vedder, Price, Kaufman & Kammholz, Chicago, IL.

**JUDGES:** Suzanne B. Conlon, United States District Judge

**OPINIONBY:** Suzanne B. Conlon

**OPINION:**

### MEMORANDUM OPINION AND ORDER

Plaintiff Donald J. Marlborough sues defendants American Steel Foundries ("ASF") and Amsted Industries, Inc. ("Amsted") (collectively "defendants") under the Age Discrimination in Employment Act, *28 U.S.C. § 621* et seq. ("ADEA"), alleging he was discharged because of his age. This court denied defendants' summary judgment motion. See Memorandum Opinion and Order, No. 95 C 3151 (N.D. Ill. Dec. 20, 1995) ("December 20 opinion"). Jury trial begins on March 11, 1996. Defendants move *in limine* to exclude evidence from trial.

### I. MOTION IN LIMINE STANDARDS

[HN1] Motions *in limine* are disfavored. Hawthorne [*2] *Partners v. AT&T Technologies, Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)*. An order *in limine* excludes clearly inadmissible evidence. Evidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds. Evidentiary rulings should be deferred until trial so questions of foundation, competency, relevancy and potential prejudice may be resolved in proper context. E.E.O.C. v. Kim & Ted, Inc., No. 95 C 1151, *1996 U.S. Dist. LEXIS 586, 1996 WL 26871,* at *1 (N.D. Ill., Jan. 22, 1996); Middleby Corp. v. Hussmann Corp., No. 90 C 2744, *1993 U.S. Dist. LEXIS 6150, 1993 WL 151290,* at *1 (N.D. Ill. May 7, 1993). See generally 21 Charles A. Wright, Kenneth W. Graham, Jr., Federal Practice and Procedure § § 5037, 5042 (1977 & Supp. 1993).

Denial of a motion *in limine* does not mean all evidence contemplated by the motion will be admitted. Rather, denial means the court cannot determine whether the evidence should be excluded outside the trial context. The court will consider objections on individual proffers as they arise even though the proffer falls within the scope of a denied motion *in limine.* See *United States v. Connelly, 874 F.2d 412, 416 (7th Cir. 1989)* (citing *Luce v. United* [*3] *States, 469 U.S. 38, 41 n.4, 83 L. Ed. 2d 443, 105 S. Ct. 460 (1984))*.

### II. DEFENDANTS' FAILURE TO TRANSFER MARLBOROUGH

Defendants move *in limine* to bar evidence concerning their failure to transfer Marlborough to another position, pursuant to *Fed. R. Evid. 402*. This court rejected defendants' identical argument on summary judgment. See December 20 opinion at 27-28 [HN2] ("An employer's failure to offer a terminated employee a different position for which he was qualified permits, though does not require, an inference of discriminatory intent") (citing *Oxman v. WLS-TV, 12 F.3d 652, 661 (7th Cir. 1993))*. Accordingly, evidence concerning defendants' failure to transfer Marlborough is not clearly inadmissible. Defendants' motion *in limine* must be denied.

### III. ALLEGEDLY DISCRIMINATORY COMMENTS

Defendants move *in limine* to bar Marlborough from presenting testimony that certain oral and written statements made by Marlborough's supervisor Ronald

Barker are evidence of age discrimination, pursuant to *Fed. R. Evid. 402*. This court rejected defendants' argument on summary judgment. See December 20 opinion at 25-27 ("Barker's comments -- though [*4] arguably not persuasive evidence of age discrimination -- are sufficient to raise a genuine issue of material fact"). Although each alleged comment viewed separately may not be sufficient to establish pretext, when viewed collectively the comments may support a reasonable inference of age discrimination. See *McNeil v. Economics Laboratory, Inc., 800 F.2d 111, 117 (7th Cir. 1986),* cert. denied, *481 U.S. 1041, 95 L. Ed. 2d 823, 107 S. Ct. 1983 (1927),* overruled on other grounds, *Coston v. Plitt Theatres, Inc., 860 F.2d 834, 836 (7th Cir. 1988).* Accordingly, defendants fail to establish the alleged comments are clearly inadmissible. Defendants' motion *in limine* must be denied.

### IV. FRONT PAY EVIDENCE

Defendants move *in limine* to bar Marlborough from presenting testimony or other evidence concerning Marlborough's alleged front pay damages, pursuant to *Fed. R. Evid. 402*. Defendants argue questions of front pay are for the court and not the jury to decide. *Downes v. Volkswagen of America, Inc., 41 F.3d 1132, 1141 (7th Cir. 1994).* Defendants further maintain Marlborough is not entitled to front pay as a matter of law because he was reemployed within [*5] three months of his termination at a higher salary. *Roush v. KFC Nat'l Management Co., 10 F.3d 392, 400 (6th Cir. 1993),* cert. denied, *130 L. Ed. 2d 15, 115 S. Ct. 56 (1994).* Finally, defendants summarily contend front pay evidence should be barred pursuant to *Fed. R. Evid. 403* because they would be unfairly prejudiced if evidence concerning front pay was presented to the jury.

Marlborough admits the propriety and amount of front pay is an issue left to the court's equitable discretion. However, Marlborough requests the court submit the issue to the jury for an advisory opinion, pursuant to *Federal Rule of Civil Procedure 39(c)*. See *Downes, 41 F.3d at 1142* [HN3] ("the court may submit the [front pay] issue to the jury for advice, but it is not bound by the jury's advisory verdict"). Marlborough further argues this court previously rejected defendants' arguments concerning the propriety of front pay in this case. See December 20 opinion at 28-29.

Defendants' arguments are unpersuasive. As this court ruled on summary judgment, Marlborough is not precluded as a matter of law from pursuing a front pay remedy. Id. at 29. This court held Marlborough created a genuine issue [*6] of material fact concerning front pay by presenting evidence that his new position does not provide comparable bonus or stock ownership benefits. Id. Because a front pay award may include compensation for benefits as well as salary, defendants fail to establish front pay evidence is clearly inadmissible. Moreover, this court shall submit the front pay issue to the jury for an advisory opinion pursuant to *Fed. R. Civ. P. 39(c)*. Defendants fail to persuade the court that the probative value of evidence concerning front pay damages is substantially outweighed by the danger of unfair prejudice. Accordingly, defendants' motion *in limine* to bar evidence concerning Marlborough's front pay damages must be denied.

### V. NON-SIMILARLY SITUATED EMPLOYEES

Defendants move *in limine* to bar Marlborough from presenting testimony or other evidence concerning defendants' treatment of four employees, pursuant to *Fed. R. Evid. 402*. Marlborough alleges in his complaint that Ron Suchanek, Jim Cyganowicz, Matt Ryan and Bob Brogan are younger employees who were treated better than he because they were not discharged although their performance was allegedly worse than his. Defendants [*7] contend these four employees are not similarly situated. It is uncontested that: (i) the four employees were not vice-presidents; (ii) the four employees did not report to Barker; (iii) three of the four employees reported to Marlborough -- Marlborough decided not to discharge them; and (iv) Marlborough had no first-hand knowledge of the fourth employee's performance.

Marlborough responds that the issues raised by defendants go to the weight of the evidence rather than to its admissibility. Marlborough asserts younger employees do not need to work under the same manager as the plaintiff to establish a *prima facie* case based on favorable treatment of younger employees.

The parties raised virtually identical arguments on summary judgment. Defendants asserted the four allegedly comparable employees were not similarly situated to Marlborough. See Defendants' Local Rule 12(M) Statement P 23; Defendants' Memorandum at 11. Defendants further argued although Barker is a younger employee who assumed Marlborough's duties, Barker was over 40 years of age and, thus, not a proper comparable employee. Defendants' Memorandum at 8-9. Marlborough argued defendants conceded they treated a [*8] younger employee more favorably when Barker assumed Marlborough's former duties. Plaintiff's Memorandum at 6. Marlborough further maintained the four employees were treated more favorably than he and argued it was irrelevant at the *prima facie* stage whether they worked under the same manager as Marlborough. Id.

In the December 20 opinion, this court found Barker may be a younger employee treated more favorably than

Case 1:00-cv-00494-SSB-TSH   Document 53-3   Filed 01/28/2004   Page 4 of 6

Page 4
1996 U.S. Dist. LEXIS 2028, *

Marlborough. See December 20 opinion at 20-22. Because Marlborough met his *prima facie* burden by showing Barker's favorable treatment, the court did not address whether the four additional employees were similarly situated to Marlborough.

Defendants' argument is persuasive. As a preliminary matter, evidence concerning the three employees Marlborough supervised is not probative of defendants' discriminatory motive. While Marlborough testified at his deposition that Cyganowicz, Ryan and Brogan performed worse than he, Marlborough opined that he did excellent work while their performance was very good. Marlborough Dep. at 222-23. The fact that Marlborough did not recommend terminating three younger employees who reported to him and whose performance he thought [*9] was very good is not probative of whether Marlborough was terminated based on his age. Moreover, none of the four employees held similar or comparable positions to Marlborough, who was a vice-president. See, e.g., *Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1042 (7th Cir. 1993)* [HN4] (to be similarly-situated to the plaintiff who was in management, a comparable employee must also be in management); *Weiss v. Coca-Cola Bottling Co. of Chicago, 990 F.2d 333, 338 (7th Cir. 1993)* (employees are not similarly situated if they do not hold comparable positions); *Jones-Bell v. Illinois Department of Employment Security, No. 95 C 948, 1995 U.S. Dist. LEXIS 17344, 1995 WL 692321,* at *9 (N.D. Ill. Nov. 20, 1995) (plaintiff was not similarly situated to her supervisor). Suchanek, Cyganowicz, Ryan and Brogan are not similarly situated to Marlborough. Accordingly, evidence concerning defendants' treatment of these four employees is not probative of Marlborough's discrimination claim. Defendants' motion *in limine* to bar evidence concerning their treatment of these four employees must be granted.

## VI. FORMER SUPERVISORS' OPINIONS

Defendants move to bar evidence concerning Marlborough's former supervisors' [*10] opinions of his job performance, pursuant to *Fed. R. Evid. 402*. Marlborough reported to Norman Berg, ASF's president, between May 1991 and May 1993. From May to July 1993, Marlborough reported to O.J. Sopranos. Subsequently, Marlborough reported to Barker between July 1993 and Marlborough's termination in September 1994. Berg and Sopranos apparently had favorable opinions of Marlborough's work performance.

Defendants argue former supervisors' opinions are irrelevant to the issue of pretext; the proper focus when deciding whether the employer's legitimate business reason is pretextual is on the perceptions of the decision-maker, Barker. See *Anderson v. Baxter Healthcare Corp., 13 F.3d 1120, 1125 (7th Cir. 1994)*. Defendants maintain Marlborough's performance at the time of his discharge is the triable issue, not his past performance. See *Rand v. CF Industries, Inc., 42 F.3d 1139, 1146 (7th Cir. 1994); Anderson v. Stauffer Chemical Co., 965 F.2d 397, 401 (7th Cir. 1992); Karazanos v. Navistar Int'l Transp. Corp., 948 F.2d 332, 336 (7th Cir. 1991)*.

Marlborough responds that assessments of his performance by former supervisors are probative of whether Barker's assessment [*11] was made in good faith -- whether defendants' legitimate business reason is pretextual. Marlborough further contends defendants' arguments go to the weight of this evidence rather than its admissibility.

Defendants' arguments are not persuasive. In Anderson v. Stauffer Chemical Co., the Seventh Circuit upheld the district court's decision that the plaintiff's prior job performance evaluation and bonus could not be used as evidence of pretext. *Anderson, 965 F.2d at 403*. However, the Seventh Circuit reasoned the district court considered the evidence and resolved the issue in plaintiff's favor at the *prima facie* stage. *Id. at 401, 403*. Plaintiff's repetition of proof that his job performance was generally satisfactory was unhelpful in proving pretext because the evidence did not challenge the specific reasons given for termination -- plaintiff's alleged inability to get along with others and refusal to admit or attempt to correct problems. *Id. at 403*. The court noted,

> of course, there may be some cases where evidence of satisfactory performance is the only way to expose an employer's reason as a pretext, and in such cases the same proof may be used [*12] to make a prima facie case and show pretext. See *Graefenhain v. Pabst Brewing Co., 827 F.2d 13, 19 (7th Cir. 1987)*. [HN5] Proof of generally adequate performance, however, may not be used to rebut a specific reason for discharge, and if the reason is deficient performance in one area, the plaintiff seeking to prove pretext must demonstrate adequate performance in that area. See Aungst[ v. *Westinghouse Elec. Corp., 937 F.2d 1216, 1223 (7th Cir. 1991)]*.

*965 F.2d at 403 n.2* (emphasis in original).

In Graefenhain, the Seventh Circuit reversed the district court's decision to enter judgment for a company in an age discrimination case. The district court found plaintiffs' recitation of their performance and rankings prior to the time the decision-maker became their

Case 1:00-cv-00494-SSB-TSH   Document 53-3   Filed 01/28/2004   Page 5 of 6

Page 5
1996 U.S. Dist. LEXIS 2028, *

supervisor was admissible to establish their *prima facie* burden of meeting the company's legitimate expectations. *Graefenhain, 827 F.2d at 18*. However, the district court found it insufficient for plaintiffs to repeat proof of generally satisfactory job performance to prove the company's non-discriminatory reason was pretextual. Id. Reversing, the Seventh Circuit held, "evidence of good performance [*13] was highly relevant to the company's allegations at trial that [the plaintiffs] were fired because of poor performance." *Id. at 19*. The Seventh Circuit found plaintiffs could prove pretext by showing the company previously recognized their outstanding performance, despite the company's claim at trial that plaintiffs were discharged for deficient performance. Id.

Thus, defendants fail to establish evidence of Marlborough's former supervisors' opinions concerning his job performance prior to when he reported to Barker is clearly inadmissible. First, both Anderson and Graefenhain suggest this type of evidence may be admissible to meet a plaintiff's *prima facie* burden of establishing he met the employer's legitimate expectations. Second, [HN6] in the Seventh Circuit, prior performance evaluations and former supervisors' opinions may be probative of pretext if they address the specific reasons articulated for discharging the plaintiff. Defendants fail to establish in their motion that Marlborough's former supervisors' opinions do not relate to defendants' specific reasons for discharging Marlborough. Accordingly, defendants' motion *in limine* to exclude evidence [*14] of Marlborough's former supervisors' opinions must be denied.

### CONCLUSION

Defendants' motions *in limine* are granted in part and denied in part. The issue of front pay damages shall be submitted to the jury for an advisory opinion.

ENTER:

Suzanne B. Conlon

United States District Judge

February 21, 1996

103GZ9

\*\*\*\*\*\*\*\*\*\* Print Completed \*\*\*\*\*\*\*\*\*\*

Time of Request:   January 28, 2004  01:50 PM EST

Print Number:     1842:0:2279827
Number of Lines:   224
Number of Pages:

Send To:  MOSS, NICOLE
     OHIO AG-EMPLOYMENT LAW
     30 E BROAD ST
     15TH FLOOR
     COLUMBUS, OHIO 43215-3414